# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01434-SCT

*IN RE: ASSESSMENT OF AD VALOREM TAXES ON LEASEHOLD INTEREST HELD BY REED MANUFACTURING, INC. BY THE ITAWAMBA COUNTY BOARD OF SUPERVISORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/2002 |
| TRIAL JUDGE: | HON. RICHARD D. BOWEN |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THAD J. MUELLER |
| ATTORNEYS FOR APPELLEE: | BO RUSSELL |
| | THOMAS E. CHILDS, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 09/25/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     The Board of Supervisors of Itawamba County was granted summary judgment allowing the County to assess back taxes on a leasehold interest held by Reed Manufacturing, Inc., (Reed). Reed appeals the ruling of the circuit court on the grounds that it is exempt from being assessed ad valorem taxes on its privately held leasehold interest. Finding that the Itawamba County Board of Supervisors' motion for summary judgment was inappropriately granted, we reverse the judgment of the Circuit Court of Itawamba County and render judgment here.

## FACTS AND PROCEEDINGS
## IN THE TRIAL COURT

¶2.     Reed is the holder of a certain leasehold interest to a building owned by Itawamba County, Mississippi. The building was constructed in 1973 through the Mississippi Agricultural Industrial Board revenue bond procedures.  The initial tenant of the facility was the Melville Shoe Corporation, which entered into a Contract and Lease on or about August 9, 1973, with Itawamba County, Mississippi. On March 31, 1977, the contract was assigned to Reed by Melville.  Pursuant to Section F of the contract, the assignment was approved by the Itawamba County Board of Supervisors on April 4, 1977.  The primary term of the lease was for the ten year life of the bonds, which were paid in full in 1984.  Since the expiration of the primary term, and pursuant to Paragraph 12, Section D of the contract, Reed has exercised its option to extend the lease for an annual rate of $2,000.00/year.  Under Paragraph 12, Section D of the contract, Reed has the right to extend the lease on a yearly basis until the year 2072.

¶3.     Reed has continually been assessed and has paid ad valorem taxes on its personal property and inventory located at the facility. Prior to 2000, Reed had never been assessed an ad valorem tax on the leasehold interest. In January 2000, Reed received a tax assessment for 1999 from Itawamba County with respect to its leasehold interest in the amount of $7,482.71. On August 25, 2000, pursuant to Miss. Code Ann. § 27-35-143(7) (Rev. 2002),[1] Reed filed a petition for reduction of assessment, alleging that the

---

[1]Miss. Code Ann. § 27-35-143 states in pertinent part:

The board of supervisors of each county shall have power, upon application of the party interested, or by the assessor on behalf of such party, or otherwise as prescribed in Sections 27-35-145 through 27-35-149, to change, cancel or decrease an assessment in the manner herein provided at any time after the assessment roll containing such assessment has been finally approved by the State Tax Commission, and prior to the last Monday in August next, under the following circumstances and no other:

. . . .

7. When the property assessed is nontaxable, or was not subject to taxation on the next preceding tax lien date.

2

leasehold interest was exempt from ad valorem taxes under Miss. Code Ann. § 27-31-33 (Rev. 2002). By letter dated October 16, 2000, the Board notified Reed that it had been assessed additional ad valorem taxes on its leasehold interest for the prior seven years (1993-98) in the amount of $60,264.35. The Board also rejected Reed's objections.

¶4.     On October 26, 2000, Reed appealed the ad valorem tax assessments to the Circuit Court of Itawamba County, and posted the statutorily required bonds. On January 24, 2001, Reed filed a motion for summary judgment, to which the County responded and filed a cross-motion for summary judgment. A bench trial was conducted on January 22, 2002, the Honorable Richard D. Bowen, presiding. Although at the conclusion of the bench trial, the circuit judge stated that it was his opinion that the County could assess back taxes, not to exceed ten years, the order granting summary judgment in favor of the County was not entered until August 7, 2002. The circuit judge's order grant summary judgment in favor of Itawamba County, found the "[o]rders of the Itawamba County Board of Supervisors dated December 23, 1999 (1999 taxes) and October 2, 2000 (1993-1998 taxes) w[ere] correct in assessing taxes on the leasehold interest on the property." The circuit judge stated that, although the contract allowed for an ad valorem tax exemption, Reed did not take the necessary steps to secure that exemption. The circuit court also stated that the exemption would have been limited to ten years; therefore, there was no legal or equitable exemption after 1987.

¶5.     Reed timely appeals and raises the following three issues before this Court:

> **I.      WHETHER THE EXEMPTIONS PROVIDED IN MISS. CODE ANN. §§ 27-31-33 AND 27-31-34, AND THE PROHIBITION AGAINST ASSESSMENTS FOR BACK TAXES ON LEASEHOLD INTERESTS PROVIDED UNDER MISS. CODE ANN. 27-35-155 APPLY TO LEASEHOLD INTERESTS HELD BY A PRIVATE COMPANY, OR TO LEASEHOLD INTERESTS HELD BY THE STATE OR POLITICAL SUBDIVISIONS.**

3

II.   **WHETHER MISS. CODE ANN. § 27-35-155 PRECLUDES ITAWAMBA COUNTY FROM ASSESSING AD VALOREM TAXES FOR THE YEARS 1993-1998 THAT WERE OMITTED FROM THE TAX ROLLS.**

III.   **WHETHER THE LEASEHOLD INTEREST IS EXEMPT FROM AD VALOREM TAXATION UNDER MISS. CODE ANN. §§ 27-31-33 AND/OR -34.**

## DISCUSSION

¶6.   Summary judgment is granted in cases where there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). This Court conducts a de novo review to determine if the trial court properly granted a motion for summary judgment. *Daniels v. GNB, Inc.*, 629 So.2d 595, 599 (Miss. 1993). "Statutory interpretation is a matter of law which this court reviews de novo." *Wallace v. Town of Raleigh*, 815 So.2d 1203, 1206 (Miss. 2002) (citing *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 165 (Miss. 1999)). In conducting a de novo review, the evidence is viewed in a light most favorable to the nonmoving party, but, if the evidence shows that the moving party is entitled to a judgment as a matter of law, then "summary judgment should forthwith be entered in his favor." *GNB, Inc.*, 629 So.2d at 599. *See also Conrod v. Holder*, 825 So.2d 16, 18 (Miss. 2002).

I.   **WHETHER THE EXEMPTIONS PROVIDED IN MISS. CODE ANN. §§ 27-31-33 AND 27-31-34, AND THE PROHIBITION AGAINST ASSESSMENTS FOR BACK TAXES ON LEASEHOLD INTERESTS PROVIDED UNDER MISS. CODE ANN. 27-35-155 APPLY TO LEASEHOLD INTERESTS HELD BY A PRIVATE COMPANY, OR TO LEASEHOLD INTERESTS HELD BY THE STATE OR ITS POLITICAL SUBDIVISIONS.**

¶7.   The three statutes at issue in this suit are Miss. Code Ann. §§ 27-31-33, 27-31-34, and 27-35-155. Section 27-31-33 provides in pertinent part:

4

(1) All leasehold interests in any property, real or personal, belonging to the State of Mississippi, counties, districts, municipalities or any other political subdivision, which were created prior to July 1, 1984, pursuant to a lease agreement or contract and which had been allowed an ad valorem tax exemption, or treated as exempt from ad valorem taxation, prior to July 1, 1984, shall be exempt from ad valorem taxation unless such leasehold interest is made subject to ad valorem taxation by statute or by the terms of the lease agreement or contract creating such leasehold interest.

******

(3) This section shall apply to assessments of real property for ad valorem taxation for the 1984 taxable year and each taxable year thereafter.

Miss. Code Ann. § 27-31-34 provides in pertinent part:

(1) For purposes of this section, "state" means the State of Mississippi or any county, district, municipality or other political subdivision thereof.

All lease contracts, leases or leaseholds in existence on or before April 16, 1993, (a) to which the state is a party, (b) which provide that the leased premises and all facilities and replacements thereof are and shall be the property of the state, and (c) which provide a term or period of time for exemption from ad valorem taxation, shall, along with the possessory and leasehold interests as described under and originally created by such lease contract, lease or leasehold, be exempt from all ad valorem taxation for the term or period of time as stated in such lease contracts, leases, or *leaseholds meeting the requirements of subparts (a) and (b) above, which were entered into prior to July 1, 1984, and which do not contain an express term or period for exemption from ad valorem taxation, shall be exempt from all ad valorem taxation for the term of such lease contracts, leases, or leaseholds, including any option periods which may be exercised by the lessee. . . .*

(emphasis added). Section 27-35-155 provides in pertinent part:

No leasehold interest in any property, real or personal, belonging to the state of Mississippi, counties, districts, municipalities or any political subdivisions, shall be subjected to ad valorem taxation for any past year on the basis of it having been *omitted* from the ad valorem tax rolls.

(emphasis added). Because the statutes reference and apply to a "leasehold interest in any property, real or personal, belonging to the State of Mississippi, counties, districts, municipalities or any other political subdivision," the threshold question is whether "belonging to" references "leasehold interest" belonging to the State, or "any property, real or personal" belonging to the State. Reed argues that the Legislature's

5

intent to exempt privately-held leasehold interests can be inferred from the fact that "[a]ll property, real or personal, belonging to the State of Mississippi or any of its political subdivisions" is already exempt from taxation pursuant to Miss. Code Ann. § 27-31-1(b)[2] (Rev. 2002). Reed contends based on the plain language of § 27-31-33 (Rev. 2002), that the Legislature carved out an exemption for private companies holding a leasehold interest in any property owned by a political subdivision that did not exist prior to 1985, at which time the statute became effective. Based on this reasoning, Reed urges this Court to apply the exemptions and prohibitions provided for under §§ 27-31-33, 27-31-34, and 27-35-155 to leasehold interests held by private entities.

¶8.      For the first time on appeal, Itawamba County argues §§ 27-31-33, 27-31-34, and 27-35-155 are unconstitutional because they allow for a greater tax exemption for a corporation than ten years.[3] The County also argues § 27-35-155 is unconstitutional because it prohibits political subdivisions from collecting back taxes, thus creating a statute of limitations against the State. The County bases its arguments on two provisions in the Mississippi Constitution which state the Legislature is prohibited from granting tax exemptions to a corporation for a period greater than ten years (Art. 7, Section 182) and statutes of limitations in civil cases may not run against the State or its subdivisions (Art. 4, Section 104). In its motion

---

[2] Miss. Code Ann. § 27-31-1. The following shall be exempt from taxation:
(b) All property, real or personal, belonging to the State of Mississippi or any of its political subdivisions, except property of a municipality not being used for a proper municipal purpose and located outside the county or counties in which such municipality is located. A proper municipal purpose within the meaning of this section shall be any authorized governmental or corporate function of a municipality.

Section 27-31-1 was amended on March 25, 2003, to add Section (hh). 2003 Miss. Laws ch. 476 (S.B. 2922).

[3] The only argument posed by the County in its brief is that the three statutes at issue are unconstitutional. The County does not address the arguments made by Reed in its brief.

for summary judgment and in its oral argument before the trial judge, the County only argued these statutes were not applicable. The County never argued that these statutes were unconstitutional.

¶9.    We granted the Attorney General's motion to submit an amicus curiae brief in support of the constitutionality of these statutes. First the Attorney General correctly argues that this issue is barred because it was never raised before the trial court and the Attorney General was never given notice of a constitutional challenge. Next the Attorney General states these statutes are constitutional. Article 4, section 112 of the Mississippi Constitution allows the Legislature to exempt from taxation, in whole or in part, certain species of property, such as the leasehold interests in question here. The Attorney General also argues that Article 7, section 182, which only allows for a ten year exemption, has been superseded by Article 4, section 112.

¶10.    The law is well-established regarding claims as to the constitutionality of statutes made for the first time on appeal.

> "We accept without hesitation the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court. We depart from this premise only in unusual circumstances." *Educational Placement Services v. Wilson*, 487 So.2d 1316, 1320 (Miss. 1986). "The law has been well settled that the constitutionality of a statute will not be considered unless the point is specifically pleaded." *Smith v. Fluor Corp.*, 514 So.2d 1227, 1232 (Miss. 1987). Furthermore, Rule 24(d) of the Mississippi Rules of Civil Procedure requires that proper notice be given to the Attorney General when the constitutionality of a statute is challenged "to afford him an opportunity to intervene and argue the question of constitutionality." Miss. R. Civ. P. 24(d).

*Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 202-03 (Miss. 1999). *See also* *Pickens v. Donaldson*, 748 So.2d 684, 691-92 (Miss. 1999). The County's failure to raise the issue of the constitutionality of §§ 27-31-33, 27-31-34 and 27-35-155 at trial results in the procedural bar on this issue.

7

¶11.    Although Attorney General opinions are not binding, they are certainly useful in providing guidance to this Court. **City of Durant v. Laws Constr. Co.**, 721 So.2d 598, 604 (Miss. 1998). *See* Miss. Code Ann. § 7-5-25 (Rev. 2002). The Mississippi Attorney General has addressed the issue of whether these sections apply only to a leasehold interest owned by the State or its political subdivision or if these sections apply to a privately held leasehold interest on property owned by the State or its political subdivisions both directly and indirectly. The Smith County Tax Assessor submitted the following question to the Attorney General:

> It seems to me that the aforesaid Section 27-35-155 is vague because it does not state whether or not the leasehold interest is vested in the State of Mississippi or whether or not fee simple title to the land is vested in the State of Mississippi.

Miss. Att'y Gen. Op., 1986 WL 82070 (Dec. 18, 1986). The property in question was leased from Smith County by an individual. Although the property was sixteenth section land and subject to taxation under § 29-3-71, the Attorney General opined as follows:

> This Code section [27-31-33] clears up the other two [27-35-155 and 21-33-55] in that *it provides for the exemption* unless the leasehold interest is subject to ad valorem taxation by statute, as sixteenth section land is, or unless the terms of the lease agreement rendered the property subject to taxation, as many sixteenth section leases do.

Miss. Att'y Gen. Op., 1986 WL 82070 (Dec. 18, 1986) (emphasis added).

¶12.    The attorney for the Hinds County Board of Supervisors submitted the following question to the Attorney General:

> I am requesting an opinion in regard to the tax exempt status of a leasehold interest in certain real estate owned by the City of Jackson on which was constructed a building using Industrial Revenue Bonds. The land and building are leased to a private corporation which claims tax exempt status under Section 27-31-1(b) Mississippi Code Annotated, (1972) and Section 27-31-33 Mississippi Code Annotated, (Supplement 1986). . . . An opinion is requested as to whether the exemption period runs from the date of the lease or from the date of the completion of construction of the project.

8

Miss. Att'y Gen. Op., 1987 WL 121490 (Jan. 6, 1987). In response, the Attorney General stated:

> Assuming the lease you have described qualifies for the § 27-31-33 exemption, the exemption will run from the date the *private corporation acquired the leasehold interest.*

Miss. Att'y Gen. Op., 1987 WL 121490 (Jan. 6, 1987) (emphasis added).

¶13. Finally the attorney for the Industrial Development Authority of Coahoma County submitted a question to the Attorney General regarding agricultural land leased by a private individual from the County. In response, the Attorney General stated:

> It is the opinion of this office that a lessee is not liable for ad valorem taxes on a leasehold interest created prior to July 1, 1984, on property, real or personal, belonging to the county or any other political subdivision, unless such leasehold interest, is by statute made subject to ad valorem tax, and we do not find statutory provision making the property described in your letter of request subject to taxation.

Miss. Att'y Gen. Op., 1984 WL 61634 (Oct. 8, 1984).

¶14. In *Board of Sup'rs of Lamar County v. Hattiesburg Coca-Cola Bottling Co.*, 448 So.2d 917 (Miss. 1984), this Court was faced with this similar issue in determining the purpose of Miss. Code Ann. § 57-3-33 which at the time stated:

> The bonds authorized by this chapter, and the income therefrom, all mortgages or deeds of trust executed as security therefor, *all lease or purchase agreements* made pursuant to the provisions hereof, all purchases required to establish the industrial enterprise and financed by bond proceeds shall likewise be exempt from all taxation in the State of Mississippi except the contractors' tax ... *and all projects and the revenue derived therefrom from any lease* thereof *shall be exempt from all taxation in the State of Mississippi* .... (Emphasis added.)

*Hattiesburg Coca-Cola*, 448 So.2d at 920. This Court held:

> If the purpose of § 57-3-33 is merely to insure that the governmental entity which issues revenue bonds to finance a project will not be taxed, the statute would be totally unnecessary because § 27-31-1(b) *already exempted* property of the State of Mississippi and its political subdivisions. Thus, county and municipally owned property was already exempt from ad valorem taxes, and the Legislature obviously intended by § 57-3-

9

33 to provide for an *additional exemption* not already allowed by § 27-31-1(b). By exempting the bonds authorized by the act and the income therefrom, the legislature must have intended to benefit the bond holders, not the county. In exempting all lease agreements it clearly intended to exempt the industry who would operate the project under a lease agreement, and by exempting "all projects", as defined in §§ 57-3-5(2), we think the legislature intended to provide that every interest in the real and personal property deemed "necessary in connection" with the project be exempted. The county already being exempted, the legislature must have intended that the industry likewise would be exempt.

*Id.* (emphasis in original). Therefore, this Court determined the lease agreement between Lamar County and Hattiesburg Coca-Cola would be fully exempt from all ad valorem taxes

¶15. In reviewing legislative history, Attorney General opinions, case law and the unambiguous language of the statutes we conclude that a leasehold interest held by a private company is entitled to the exemption provided for under §§ 27-31-33, 27-31-34 and 27-35-155.

## II. WHETHER MISS. CODE ANN. § 27-35-155 PRECLUDES ITAWAMBA COUNTY FROM ASSESSING AD VALOREM TAXES FOR THE YEARS 1993-1998 THAT WERE OMITTED FROM THE TAX ROLLS.

¶16. Reed was never assessed ad valorem taxes on its leasehold interest prior to 2000. The tax assessor and collector for Itawamba County since 1988, Johnny Riley, testified during the hearing held on January 22, 2002, that he first assessed the property of which Reed held a private leasehold interest in October 2000 for 1999 taxes. This oversight was called to Riley's attention by the newly elected supervisor for that district, Joey Sheffield, after inquiries were made from outside parties regarding renting the property. Riley also stated that the tax records showed that Reed never requested an ad valorem exemption on its leasehold interest. Reed also had not requested an exemption for the personal property taxes, and Reed had, in fact, been paying the personal property taxes each year. Riley determined that it was "just strictly an oversight by Itawamba County by not charging for the leasehold interest." When questioned about why the County omitted Reed's leasehold from the tax rolls, Riley referred to this as "[j]ust an error."

10

Riley testified that although it was the County's practice to tax all leaseholds, no other leaseholds involved contracts which were executed before 1984. Riley also agreed that there was no procedure for obtaining an ad valorem tax exemption provided in either section 27-31-33 or section 27-31-34; however, Riley stated it was his personal belief that companies must apply for an exemption which is granted by the Legislature. Reed has maintained that these sections provide an automatic exemption.

¶17.    In response to a similar question from the Lamar County Tax assessor and collector regarding whether "the Tax Assessor ha[d] authority under Section 27-35-155 to collect taxes that have escaped taxation and that have been omitted from the tax roll on lease-hold interest," the Attorney General stated:

> Section 182 as interpreted by the Hattiesburg Coca-Cola decision limits a tax exemption to a period of ten years. Section 27-35-155 of the Code, however, does not grant any tax exemption but only describes when property which has escaped taxation or which has been omitted from the tax rolls may be assessed for the previous years.
> ******
> It is our opinion that this statute does not create any tax exemption which would be limited by Section 182 of the Constitution. This section merely creates a provision in the form of a statute of limitations that prohibits the tax assessor *from going back further than seven years* to assess property that has "*escaped taxation*" and *prohibits the assessor from going back any amount of time to assess leasehold interests in property belonging to the State of Mississippi or its political subdivisions which leaseholds have been omitted from the ad valorem tax rolls.*

Miss. Att'y Gen. Op. No. 1993-0384, 1993 WL 294261 (June 30, 1993) (emphasis added).

¶18.    Miss. Code Ann. § 27-35-155 reads in pertinent part:

> The power of the assessor to assess property that has *escaped taxation by way of additional assessments* for a former year or years shall expire at the end of the seven (7) years from the date when his right so to do first accrued.

> No leasehold interest in any property, real or personal, belonging to the state of Mississippi, counties, districts, municipalities or any political subdivisions, shall be subjected to ad valorem taxation for any past year on the basis of it having been *omitted* from the ad valorem tax rolls.

(emphasis added).

¶19. As stated in Issue I, section 27-35-155 applies to privately held leaseholds. Therefore, because Itawamba County admitted to omitting Reed's leasehold interest from the ad valorem tax rolls, pursuant to Miss. Code Ann. § 27-35-155, the leasehold interest is not subject to ad valorem taxation for any past year that it was not listed on the ad valorem tax roll.

### III. WHETHER THE LEASEHOLD INTEREST IS EXEMPT FROM AD VALOREM TAXATION UNDER MISS. CODE ANN. §§ 27-31-33 AND/OR -34.

¶20. Pursuant to the language of section 27-31-33, Reed argues that the leasehold interest became exempt from ad valorem taxation in the 1984 taxable year. Reed also contends that the leasehold interest is exempt "for each taxable year thereafter" for the life of the lease, or until 2072. Reed argues its leasehold interest meets all the prerequisites for the exemption provided in section 27-31-33. The leasehold interest was created prior to July 1, 1984, and the leasehold interest was created pursuant to contract and treated as exempt from ad valorem taxation.

¶21. In *Hattiesburg Coca-Cola*, Lamar County entered into an agreement in 1978 with Coca-Cola in which the County would provide funds through the issuance of industrial revenue bonds for Coca-Cola to build a bottling plant. 448 So. 2d at 918. Coca-Cola bought the property and conveyed it to the County. *Id.* Lamar County then leased the property back to Coca-Cola for a "rent sufficient to pay the principal, interest and redemption premium on the bonds." *Id.* The lease stated that the County would not "cause or induce the assessment of ad valorem taxes on the project." *Id.* Although the County's tax rolls listed the property as exempt, at a Board of Supervisors' meeting held on November 2, 1981, the supervisors adopted a resolution finding that the property was no longer exempt and was subject to assessment. *Id.* at 919. The land assessment rolls were amended to reflect the resolution. *Id.*

12

¶22.    The Circuit Court of Lamar County upheld Coca-Cola's claim of tax exemption pursuant to Miss.

Code Ann. §§ 27-31-1 and 57-3-33. *Id.* at 918. This Court affirmed the ruling of the trial court finding

that the lease clearly reflected Mississippi's public policy set out in Miss. Code Ann. §§ 57-3-1 et seq.,

which authorized counties and municipalities to issue bonds and lease the enterprises to business entities

in order to promote the State's economy after the Great Depression. *Id.* at 919.

¶23.    After this Court determined that Coca-Cola was entitled to the ad valorem tax exemption, the

Court also noted that the tax exemption would be subject to Article 7, § 182 of the Mississippi

Constitution. *Id.* at 920. Article 7, Section 182 provides that:

> The power to tax corporations and their property shall never be surrendered or abridged
> by any contract or grant to which the state or any political subdivision thereof may be a
> party, except that the Legislature may grant exemption from taxation in the encouragement
> of manufactures and other new enterprises of public utility *extending for a period of
> not exceeding ten (10) years* on each such enterprise hereafter constructed, and may
> grant exemptions not exceeding ten (10) years on each addition thereto or expansion
> thereof, and may grant exemptions not exceeding ten (10) years on future additions to or
> expansions of existing manufactures and other enterprises of public utility. The time of each
> exemption shall commence from the date of completion of the new enterprise, and from
> the date of completion of each addition or expansion, for which an exemption is granted.
> When the Legislature grants such exemptions for a period of ten (10) years or less, it shall
> be done by general laws, which shall distinctly enumerate the classes of manufactures and
> other new enterprises of public utility, entitled to such exemptions, and shall prescribe the
> mode and manner in which the right to such exemptions shall be determined.

(emphasis added).  This Court held:

> Action by the state or a political subdivision calculated to permanently surrender or abridge
> the power to tax corporations and their property is obviously precluded by the black letter
> language of § 182 of the Mississippi Constitution. It follows that a permanent tax
> exemption would not be permitted by the first clause, but the second clause of § 182
> allows a ten (10) year exemption from taxation in the encouragement of manufacturers and
> other new enterprises. Consequently, under § 57-3-33, *supra,* Coca-Cola may have an
> exemption for a "period not to exceed ten (10) years" from date of completion of the
> project.

13

*Hattiesburg Coca-Cola*, 448 So.2d at 922. Since the *Hattiesburg Coca-Cola* decision, section 57-3-33 has been amended to add the following:

> From and after July 1, 1989, there shall be no new exemption under this section or under Chapter 10, Title 57, Mississippi Code of 1972, from ad valorem taxes levied for school district purposes. *The time of any ad valorem tax exemption provided for hereunder shall not exceed a total of ten (10) years*, which shall run from the date of completion of the project. In no event shall the term of the ad valorem tax exemption provided for hereunder be limited, terminated or otherwise affected by payment in full of the bonds issued under this chapter or by the change from a leasehold to a fee title in the enterprise financed with bonds issued under this chapter.

(emphasis added).

¶24.  Pursuant to Article 4, Section 112, the "Legislature may, by general laws, exempt particular species of property from taxation, in whole or in part." However, Article 7, Section 182 limits that power by providing that the exemption may not exceed ten (10) years. Therefore, although an entity may be exempt from ad valorem taxes pursuant to the terms of the lease, that exemption, according to the Mississippi Constitution, may not exceed ten (10) years.  Because Reed's lease with Itawamba County began in 1977, the ad valorem tax exemption would only have been in effect through 1987.  However, as previously stated in Issue II, by omitting Reed's leasehold interest from the ad valorem tax rolls, these back taxes may not be assessed against Reed. Once Reed's leasehold interest is properly placed on the Itawamba County ad valorem tax rolls, the County may begin assessing Reed the appropriate ad valorem taxes.

## CONCLUSION

¶25.  The Circuit Court of Itawamba County erred in granting summary judgment in favor of Itawamba County. The exemptions provided under sections 27-31-33, 27-31-34, and 27-35-155 apply to privately held leaseholds; therefore, Reed's privately held leasehold interest was exempt from ad valorem taxation. However, pursuant to Article 7, § 182 of the Mississippi Constitution, that exemption may not exceed ten

(10) years, thus causing Reed's exemption to end in 1987. Because Itawamba County omitted Reed's leasehold from its ad valorem tax rolls, the County may not assess any back ad valorem taxes against Reed. The County may begin assessing appropriate ad valorem taxes against Reed once the leasehold interest is properly placed on the County's ad valorem tax rolls. Therefore, we reverse the circuit court's grant of summary judgment and set aside the orders of the Itawamba County Board of Supervisors dated December 23, 1999 and October 2, 2000, and we render judgment pursuant to this opinion.

¶26.    **REVERSED AND RENDERED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND GRAVES, JJ., CONCUR. EASLEY, J., CONCURS IN PART. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**