### LICURGUS C. QUIN *v.* STATE OF MISSISSIPPI.

CONSTITUTIONAL LAW.   *Statutes. Questioning validity.   Estoppel.   Laws 1900, chapter* 105.   *Seizure of intoxicating liquors.*

Where intoxicating liquors were seized, under laws 1900, chapter 105, providing therefor, and a party claim the same in pursuance of the provisions of said statute, he is not in position to insist that the statute is unconstitutional because it does not provide for notice.

FROM the circuit court of Pike county.

HON. JAMES B. STERNBERGER, Special Judge.

The state, appelee, caused a quantity of intoxicating liquors to be seized under the provisions of the laws of 1900 (chap. 105, p. 142), which provides therefor, on the affidavit before a justice of the peace, of any creditable person that he has reason to believe, and does believe, that such liquors are being kept and offered for sale or  .   .   .   sold in violation of law in any room or building designated in the affidavit.   The statute requires the issuance of a search warrant and writ of seizure, but does not require notice to any one.   It, however, provides that any person may, by affidavit, claim the liquor seized, and thereupon an issue is to be made up to try the claim.   If no one claim the liquors, they are to be destroyed.   In this case

appellant, Quin, claimed certain liquors seized under the act, and his claim having been decided against him in the circuit court, he appealed to the supreme court.

*R. N. Miller,* for appellant.

[Counsel filed an able argument, insisting that the act of 1900, chapter 105, was and is unconstitutional, in that it deprived of property without due process of law, without notice, etc. Since the court did not pass upon the question, a synopsis of the argument is not given.]

*J. N. Flowers,* assistant attorney general, for appellee.

[The argument of the assistant attorney general was also limited to the constitutionality of the statute, and, therefore, a synopsis of it is not given.]

WHITFIELD, C. J., delivered the opinion of the court.

Whether chapter 105 of the acts of 1900 is constitutional or not—and we are inclined to think it is, although not now deciding that point—this appellant is in no condition to question it on the ground on which he puts his assault. His own contention is that the act is unconstitutional because not providing for notice, and yet the appellant appeared, and has contested the case through all the courts. The only purpose notice would serve has been acomplished in his case, and courts do not pass upon the constitutionality of statutes at the instance of parties not in a position to question them.

*Affirmed.*