The Ohio Oil Co. *v.* L. B. Porter and D. W. Skelton

No. 39927                          82 So. 2d 639

No. 39928       October 10, 1955       82 So. 2d 636

*Hannah, Simrall & Aultman,* Hattiesburg; *C. F. Currier, O. L. Hasty,* Shreveport, Lousiana, for appellant.

*L. B. Porter,* Union; *C. W. Sullivan,* Hattiesburg, for appellees.

*Matthew Harper, Jr., Asst. Atty. Gen.,* Jackson, for State Oil and Gas Board of Mississippi, Amicus Curiae.

Holmes, J.

This case and the case of Ohio Oil Company v. L. B. Porter and D. W. Skelton, numbered 39,927 on the docket of this Court, originated before the State Oil and Gas Board, where they were consolidated and considered together. The issues in the two cases being the same, the evidence and the exhibits introduced on the hearing formed the basis of the Board's decision in both cases. On appeal to the circuit court from the orders of the Board, the cases were likewise consolidated, and by stipulation of the parties, the cases are consolidated here, and the decision of the one case will control the other.

The cases involve the question of the validity of orders entered by the State Oil and Gas Board on applications filed by the Southern Natural Gas Company and joined in by the appellees, and on an application filed by The Ohio Oil Company.

The applications of the Southern Natural Gas Company, which were joined in by the appellees, sought the establishment of two drilling units in the Maxie Gas Field in Forrest County, Mississippi, containing 320 acres each, and with the long dimensions of the units running north and south, and the integration therein of all separately owned interests.

The application of The Ohio Oil Company sought an amendment of a previous general order of the State Oil and Gas Board establishing special field rules for the Maxie Gas Field, so as to provide for an extended and enlarged spacing pattern and the establishment of additional drilling units. The Ohio Oil Company opposed the applications of the Southern Natural Gas Company for the establishment of the units with the long dimensions running north and south, and contended that the units should be established with the long dimensions running east and west.

Due notice was given on the applications in accordance with the provisions of Section 6132-12 of the Mississippi Code of 1942, providing that no rule, regulation or order, and no change, renewal or extension thereof shall, in the absence of an emergency, be made by the Board under the provisions of this Act except after a public hearing upon at least ten days' notice, which notice may be given by publication in some newspaper of general circulation in the state and also in a newspaper of general circulation in the county or counties in which pools are located, in the manner and form as may be prescribed by the Board, or by such other method as may be prescribed by the Board by general rule.

After a full hearing and the introduction of testimony and exhibits which were considered on the hearing of both the applications of the Southern Natural Gas Company and the application of The Ohio Oil Company, the Board determined that the denial of the applications of

the Southern Natural Gas Company and the granting
of the application of The Ohio Oil Company would best
contribute to an orderly and progressive development
of the Eutaw Gas Producing Pool and the Tuscaloosa
Gas Producing Pool in the Maxie Field, and that waste
would thereby be prevented and the co-equal and correl-
ative rights of all of the owners would be best protected
and the ultimate amount of gas from the said pools there-
by recovered. The State Oil and Gas Board entered its
orders accordingly. There was no appeal therefrom by
the Southern Natural Gas Company. The appellees, Por-
ter and Skelton, however, prosecuted and appeal to the
Circuit Court of Forrest County from the orders entered
by the Board.

The circuit court reversed the orders of the State Oil
and Gas Board, holding that the same were against the
overwhelming weight of the evidence and were not sup-
ported by substantial evidence, and further, that Section
6132-12 of the Mississippi Code of 1942, in accordance
with which notice on the applications was given, was
unconstitutional in that the same was in direct violation
of Article III, Section 14 of the Mississippi Constitution,
and the Fourteenth Amendment to the Constitution of the
United States, providing that no person shall be deprived
of life, liberty or property except by due process of law.
From this judgment of the circuit court, the appellant,
The Ohio Oil Company, prosecutes this appeal to this
Court.

It is the contention of the appellant that the circuit
court erred in holding, first, that the orders of the State
Oil and Gas Board are against the overwhelming weight
of the evidence and are not supported by substantial
evidence, and in holding, second, that Section 6132-12 of
the Mississippi Code of 1942 is unconstitutional, and that,
therefore, the notice attempted to be given thereunder
was insufficient. We think both of these contentions of
the appellant are well founded.

60

In order to maintain the issues in its behalf, the Southern Natural Gas Company introduced as witnesses two geologists and one reservoir engineer. One of the geologists and the reservoir engineer were employed by the Southern Natural Gas Company. The other geologist was engaged in the practice of his profession as a consulting geologist. These three witnesses in their testimony approved the granting of the applications of the Southern Natural Gas Company for the establishment of the units with the long dimensions extending north and south, expressing it as their opinion that this would best contribute to the interests of all owners in the unit, and would best drain the drilling units and result in greater recovery, and would best protect the co-equal and correlative rights of the owners.

On the other hand, The Ohio Oil Company introduced as a witness in support of its application and the denial of the applications of the Southern Natural Gas Company a geologist of recognized qualifications. He was employed by The Ohio Oil Company and had been so employed since January, 1947. His qualifications appear not to have been questioned. He gave it as his opinion that the units should be established with the long dimensions extending east and west and that this would best contribute to the development of the field and to the protection of the co-equal and correlative rights of all parties interested in the units.

All of the testimony hereinbefore referred to was opinion evidence by experts. The State Oil and Gas Board accepted the testimony and opinion of the geologist introduced as a witness by the appellant. We are unable to say that the Board was manifestly wrong in so doing or that the testimony of this witness did not afford substantial evidence to support the orders of the Board. It is not for this Court to substitute its opinion for the opinion of the Board where the Board has reached its decision on conflicting evidence and where its conclusions are supported by substantial evidence.

In the case of California Company v. State Oil and Gas Board, 200 Miss. 824, 27 So. 542, this Court said: "Therefore the only sound or practicable working rule that can be announced by the Court is to hold that when the appeal is from either a general rule and regulation or an exception granted thereto, the Court to which the appeal is taken shall only inquire into whether or not the same is reasonable and proper according to the facts disclosed before the Board, that is to say, whether or not its decision is supported by substantial evidence or is arbitrary or capricious or beyond the power of the Board to make, or whether it violates any constitutional right of the complaining party."

Certainly we would not be justified on this record in holding that the Board acted capriciously or arbitrarily in reaching its decision. The expert witnesses were before the Board and the Board had the opportunity to observe them and to evaluate the weight of their testimony. The Board based its decision upon the testimony of a competent geologist. It is true that this geologist differed in his opinion from the expert witnesses introduced by the Southern Natural Gas Company. It was for the Board, however, to solve this conflict in the evidence. We think, therefore, that the circuit court was in error in reversing the orders of the Board upon the ground that such orders were against the overwhelming weight of the evidence and not supported by substantial evidence.

We need not consider the constitutionality of Section 6132-12 of the Mississippi Code of 1942. The appellees joined in and became parties to the applications of the Southern Natural Gas Company and appeared as parties before the State Oil and Gas Board in the hearing now under review and participated therein and in the appeals to the circuit court, and they are participating in the appeal to this Court. They are therefore not in a position to complain that they were not afforded ample

notice of the hearing. This question has been decided adversely to the appellees in the case of Quin v. State, 82 Miss. 75, 33 So. 839, wherein the Court said: ''Whether Chapter 105 of the Acts of 1900 is constitutional or not— we are inclined to think it is, although not now deciding that point—this appellant is in no condition to question it on the ground on which he puts his assault. His own contention is that the act is unconstitutional because not providing for notice, and yet the appellant appeared, and has contested the case through all the courts. The only purpose notice would serve has been accomplished in his case, and courts do not pass upon the constitutionality of statutes at the instance of parties not in a position to question them.''

In the light of the views hereinbefore expressed, we are of the opinion that the circuit court was in error in reversing the orders of the State Oil and Gas Board and that the judgment of the circuit court should therefore be reversed and the orders of the Board affirmed and reinstated.

Judgment of the court below reversed and orders of State Oil and Gas Board affirmed and reinstated.

*McGehee, C. J.,* and *Hall, Lee* and *Kyle, JJ.,* concur.

No. 39927 . 82 So. 2d 639

This case is controlled by the opinion this day rendered in the case of the Ohio Oil Company v. L. B. Porter and D. W. Skelton, numbered 39,928 on the docket of this Court, and in accordance with that opinion, the judgment of the court below is reversed and the orders of the State Oil and Gas Board are affirmed and reinstated.

Judgment of the court below reversed and orders of State Oil and Gas Board affirmed and reinstated.

*McGehee, C. J.* and *Hall, Lee* and *Kyle, JJ.,* concur.