SMITH, Justice,
for the Court:
The Mississippi State Tax Commission entered an order suspending the package store permit of John G. Veazey, Jr. after a hearing in which it was determined that an employee of Veazey’s package store sold liquor to a prohibited purchaser in violation of Miss. Code Ann. Section 67-1-83(2) (1972).
Veazey filed a complaint in the Hinds County Chancery Court seeking an order to restrain the Commission from enforcing the order, citing Section 67-1-83(2) as unconstitutional. The lower court determined that Veazey had standing, agreed the statute was unconstitutional, and granted a permanent restraining order.
Feeling aggrieved, the Commission appeals and assigns four (4) issues, two of which, issues I and II, are jurisdictional and without merit. Since issue III is dispositive of this case, we do not address issue IV.
III. THE CHANCELLOR ERRED IN FINDING THAT VEAZEY HAD STANDING TO ATTACK THE CONSTITUTIONALITY OF MISS.CODE ANN. SECTION 67-1-83(2) (1972)
After careful consideration we are of the opinion that Veazey lacks standing to challenge the constitutionality of the cited statute and therefore the decision of the lower court is reversed and rendered.

FACTS

As stipulated by the parties, the following facts were considered by the court below: (Initials have been substituted for the names of certain individuals referred to throughout this opinion in order to protect their identities.)
The Commission entered an order in the matter of Veazey, the holder of a package retailer’s permit, doing business as Sardis Package Store, Sardis, Mississippi, on June 1, 1989. The Order was entered after a full hearing to determine what action the Commission would take with regard to the permittee for violation of Miss. Code Ann. Section 67-1-83(2) (1972).
On July 10,1987, L.R., wife of B.M.R., a resident of Sardis, Mississippi, Tate County, signed and had notarized a Petition to Prohibit Alcoholic Beverage Sales to her husband pursuant to the provisions of Section 67-1-83(2) based upon the fact that her husband was an alcoholic.
On July 13,1987, Mr. R. checked himself into an alcoholic rehabilitation program. On July 14, 1987, Mrs. R. requested that the aforementioned petition be stopped since her husband had cheeked himself in for rehabilitation.
On March 21, 1988, Mrs. R. requested that the Petition be reinstated since her husband had started drinking again.
Following an investigation by Agent Freeman, a letter was sent by certified mail on April 17, 1988, for the purpose of notifying Mr. R. that the petition to prohibit sales of alcoholic beverages to him had been properly submitted to the Commission.
This letter allowed Mr. R. fifteen (15) days from the date of the letter to notify the Commission that he desired to appeal the action of the Commission to prohibit alcohol sales to Mr. R. Mr. R. did not request a hearing to appeal the action of the Commission.
During the month of April 1987, certified letters were sent to the permitted places of business in the counties surrounding the Tate County area. These letters informed the permittees that they would be in violation of Section 67-1-83(2) if they sold aleo- *999 holic beverages to Mr. R., listing his address and description. Also enclosed was a picture of Mr. R.
After a period of time had elapsed during which the return receipt should have been received by the ABC to indicate that the Sardis Package Store had received the certified letter notifying permittees of the prohibition of sales, the ABC discovered the return receipt had not been returned. Agent Freeman was instructed to hand-deliver a copy of the letter and the picture to the Sardis Package Store. Agent Freeman visited that store on April 12, 1988, and hand delivered a copy of the letter and the picture.
On or about December 19, 1988, Agent Freeman visited the Sardis Package Store again and spoke with Walter S. Norwood, an employee on duty. Agent Freeman made sure that the picture of Mr. R. was posted.
On Thursday morning, December 29, 1988, at approximately 9:30 a.m., Mrs. R. called Agent Freeman to report that her husband was still purchasing liquor. Mrs. R. reported that she had found a cancelled check dated November 24,1988, which was cashed at the Sardis Package Store. Mrs. R. also informed Agent Freeman that she believed her husband, under the pretext of running errands, had left earlier to go purchase liquor but that he had not returned.
Agent Freeman contacted Chief Deputy J.C. Sexton of Panola County and requested assistance. Freeman and Sexton immediately set up surveillance on the Sardis Package Store. At approximately 10:15 a.m. Thursday morning, December 29, 1988, Mr. R. entered the Sardis Package Store, made a purchase and exited the store. As Freeman and Sexton approached the vehicle which Mr. R. was driving, Mr. R. broke the seal on the liquor bottle and prepared to take a drink. Freeman seized the bottle and asked Mr. R. to return inside the store with him. Once inside the store, Agent Freeman informed Walter Norwood that he had violated Section 67-1-83(2) by virtue of the sale of alcohol to Mr. R. Agent Freeman testified under oath that the picture of Mr. R. was still posted to the cash register at the time of the sale. Mr. Norwood was arrested at the time and charges were filed against ABC Package Retailer’s Permit No. 4375 (Sardis Package Store).
On April 7,1989, in the Justice Court of Sardis, Ms., Walter S. Norwood was found guilty of the violation of Section 67-1-83(2).
On June 21, 1989, the Commission entered its Order finding the permittee guilty of the charge of violation of Section 67-1-83(2). The Commission ordered that the package store permit be suspended for a period of six (6) weeks, with two (2) weeks suspended. The Commission ordered that the Sardis Package Store close on Monday, July 3,1989. The Commission also placed the permittee on probation for one (1) year.
The record shows that on June 29, 1989, Veazey filed a complaint in the Hinds County Chancery Court seeking a temporary order to keep the Commission from enforcing their suspension order, alleging that the statute under which the Commission proceeded was unconstitutional. A final hearing was held in the Hinds County Chancery Court on the preliminary injunction. Veazey then amended his original complaint ore terms to request a permanent injunction. Further, Veazey filed a motion for summary judgment on January 7, 1991, requesting the permanent injunction be granted and further sought a declaratory judgment that Section 67-1-83(2) was unconstitutional. The parties filed briefs supporting and opposing summary judgment on January 7, 1991. The chancellor granted Veazey’s motion for summary judgment and held the statute unconstitutional.

LAW

I. THE CHANCELLOR ERRED IN FINDING THAT VEAZEY HAD STANDING TO ATTACK THE CONSTITUTIONALITY OF MISS.CODE ANN. SECTION 67-1-83(2) (1972)
Miss.Code Ann. Section 67-1-83(2), in its entirety provides:
It shall be unlawful for any permittee or other person to sell or furnish any alcohol *1000 ic beverage to any person to whom the commission has, after investigation, decided to prohibit the sale of such beverages because of an appeal by the commission so to do by the husband, wife, father, mother, brother, sister, child, or employer of such person. The interdiction in such cases shall last until removed by the commission, but no person shall be held to have violated this subsection unless he has been informed by the commission, by registered letter, that it is forbidden to sell to such individual or unless such fact is otherwise known to such permittee or other person.
The Commission submits to the Court that Veazey lacks standing to challenge the constitutionality of Section 67-1-83(2) because he bases his claim on the right of Mr. R., the prohibited purchaser, to due process. That right, the Commission argues, obviously belongs to Mr. R. himself and not to Veazey.
Veazey contends the “underlying action by the Commission was defective” in its failure to provide notice to Mr. R.. Therefore, Veazey argues, since the underlying action against Mr. R. is “void,” the subsequent action against Veazey is unenforceable and void as well. Veazey submits he has standing to challenge the statute’s constitutionality under these circumstances because he will be harmed or affected by its application. Veazey bases his argument on the case of Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).
Therein, a statute allowed family members and various community leaders, including the chief of police and the mayor, to, by written notice to sellers, forbid the sale of intoxicating liquors and malt beverages to a named individual. Pursuant to the statute, the police chief, with no advance notice of the action or an opportunity for the appellee to be heard, caused to be posted in the local retail liquor outlets a notice forbidding the sale of or gifts of liquor to the appellee. A three-judge District Court held the act unconstitutional on its face.
Upon further appeal, the United States Supreme Court stated the “only issue ... is whether the label or characterization given a person by ‘posting’ though a mark of serious illness to some, is to others such a stigma or badge of disgrace that procedural due process requires notice and an opportunity to be heard.” Id. at 436, 91 S.Ct. at 509, 27 L.Ed.2d at 518. The Court first noted that the “police power of the States over intoxicating liquors was extremely broad.” Id. The Court then considered that “the right to be heard before being condemned to suffer grievous loss of any kind ... is a principle basic to our society.” Id. at 437, 91 S.Ct. at 510, 27 L.Ed.2d at 519, citing Anti-Fascist Committee v. McGrath, 341 U.S. 123, 168, 71 S.Ct. 624, 647, 95 L.Ed. 817, 852 (1951). In holding the statute unconstitutional the Court concluded that “the Wisconsin Act does not contain any provision whatsoever for notice and hearing. The Act on its face gives the chief of police the power to do what he did to the appellee.” Id. 400 U.S. at 439, 91 S.Ct. at 511, 27 L.Ed.2d at 520.
Our review of Wisconsin v. Constantineau makes clear that in striking down the Wisconsin statute, the Supreme Court was concerned purely with the potential for disgrace and shame that the appellee therein might suffer in the application of the statute. Absolutely no notice of the action or opportunity to be heard was provided him. We find it most significant that the individual challenging the constitutionality of the act in that case was the very person in danger of being labeled an alcoholic at best, a drunk at worst, in the eyes of his community. To the contrary in the ease sub judice it is the seller, not the prohibited purchaser, who challenges the statute in question.
“It has long been the law of this state that this Court does not pass upon the constitutionality of statutes at the instance of parties not in a position to question them.” Mississippi Insurance Guaranty Ass’n v. Gandy, 289 So.2d 677, 679 (Miss.1973); Quin v. State, 82 Miss. 75, 33 So. 839 (1903). Further, this Court has elaborated that “One who is not prejudiced by the enforcement of an act of the legislature cannot question its constitutionality or obtain a decision as to its constitutionality on the ground that it impairs the rights of others.” Mississippi Insurance Guaranty Ass’n v. Gandy, 289 So.2d 677, 679 (Miss.1973); Clark v. State, 152 So. 820, 169 Miss. 369 (1934). (emphasis added). *1001 The United States Supreme Court has stated the concept of standing generally embraces “the general prohibition on a litigant’s raising another persons ⅛ legal rights ... and the requirement that a plaintiff’s complaint fall within the zone of interests protected by the law invoked.” Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556, 569 (1984), citing Valley Forge v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474-75, 102 S.Ct. 752, 759-60, 70 L.Ed.2d 700 (1982). (emphasis added).
Veazey frames his entire attack against Section 67-1-83(2) on his view that the statute is defective in its failure to provide notice and a hearing to Mr. R., the prohibited purchaser. Veazey raises the issue of lack of notice only as to Mr. R. because it is obvious from the record that Veazey cannot raise this argument on his own behalf. Section 67 — 1— 83(2) clearly provides that a permittee will not be held in violation of its provisions unless he has been informed by certified letter or otherwise that he is forbidden to sell alcohol to a specific individual. Veazey does not and cannot assert that he was unaware that alcohol sales to Mr. R. were forbidden. As it is not Veazey who is prejudiced by any failure of due process in the operation of the statute, we cannot agree with the lower court that Veazey has standing to assert a challenge on this point. We find Veazey lacks standing to attack the constitutionality of Section 67-1-83(2) and reverse the lower court on this issue.
Finally, in light of Veazey’s lack of standing, we do not reach the issue of the constitutionality of the cited statute. However, we note that as opposed to the Wisconsin case, where there was no provision for notice to the prohibited purchaser of liquor, the Commission in the case at bar did attempt to provide Mr. R. with such notice and an opportunity to be heard by authorizing a hearing on the matter. The notice allowed Mr. R. fifteen (15) days to appeal the decision to deny the sale of alcohol. It must be recalled, also, that Mr. R. checked himself into an alcoholic rehabilitation program less than a year prior to the Commission’s attempt to deny him the ability to purchase alcohol. This voluntary action on Mr. R.’s part was tantamount to an admission that he is an alcoholic; it would be with some difficulty that Mr. R. could later establish a danger of being stigmatized by the Commission’s efforts to assist in his recovery.
The only notice requirement which was open to challenge by Veazey is that of notice to the permittee before revocation. Without question, Veazey was fully informed of the decision to prohibit alcohol sales to Mr. R.; a notice was first mailed and another then hand-delivered to Veazey’s package store with instructions to post a photograph of Mr. R. An ABC agent later visited the store in person to ensure the photograph was posted. The same employee who received the hand-delivered notice and posted the photograph subsequently sold alcohol to Mr. R.
The decision of the lower court is reversed and rendered and the Order of the Mississippi State Tax Commission suspending the package store permit of appellee is reinstated, effective immediately.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ, and SULLIVAN, PITTMAN, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
BANKS, J., not participating.