# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01490-SCT

*SASS MUNI-V, LLC*

*v.*

*DESOTO COUNTY, MISSISSIPPI, W. E. DAVIS, DESOTO COUNTY CHANCERY CLERK, CITY OF HORN LAKE, MISSISSIPPI, JOEY TREADWAY, TAX COLLECTOR OF DESOTO COUNTY, PARKER PICKLE, TAX ASSESSOR OF DESOTO COUNTY, MARSHALL INVESTMENTS CORPORATION A/K/A MARSHALL INVESTMENTS CORPORATION OF MINNESOTA, E. FRANKLIN CHILDRESS, JR., R. SPENCER CLIFT, III, K. DAVID WADDELL, AS SUBSTITUTE TRUSTEES AND MIC-ROCKY, LLC*


| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2013 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| TRIAL COURT ATTORNEYS: | TIMOTHY M. KALOM |
| | R. HAYES JOHNSON, JR. |
| | LEWIE G. NEGROTTO, IV |
| | JOSEPH D. NEYMAN, JR. |
| | ROBERT E. QUIMBY |
| | BILLY C. CAMPBELL, JR. |
| | SHANNON L. WILEY |
| | BRIDGETTE T. THOMAS |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | TIMOTHY M. KALOM |
| | R. HAYES JOHNSON, JR. |
| | LEWIE G. NEGROTTO, IV |
| ATTORNEYS FOR APPELLEES: | JOSEPH D. NEYMAN, JR. |
| | ROBERT E. QUIMBY |
| | BILLY C. CAMPBELL, JR. |
| | JACOB A. DICKERSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED- 04/02/2015 |
| MOTION FOR REHEARING FILED: | |

MANDATE ISSUED:

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.    SASS Muni-V, LLC, appeals from the DeSoto County Chancery Court's order dismissing its complaint seeking to void its 2008 tax-sale purchase of real property. Because the trial court erred in finding that SASS lacked standing to pursue its claims, we reverse the trial court's dismissal of SASS's complaint and remand this case for further proceedings.

## FACTS & PROCEDURAL HISTORY

¶2.    The instant case arises out of the tax sale of a piece of property located in the City of Horn Lake in DeSoto County. Until August 2003, Millennium of Mississippi, LLC, owned the property in question. On August 4, 2003, Millennium conveyed the property to DeSoto County Development, LLC, by warranty deed. At that time, DeSoto Development granted Marshall Investments Corporation, and Fred Spencer, as trustee, a deed of trust lien and mortgage on the property. Marshall Investments then appointed Franklin Childress Jr., Spencer Clift III, and K. David Waddell as substitute trustees for the deed of trust. Subsequently, DeSoto Development defaulted on its mortgage, and Marshall Investments foreclosed on the property. Marshall Investments purchased the property at the foreclosure sale and, in December 2007, executed a substitute trustee's deed to MIC-Rocky, LLC.

¶3.    DeSoto County and the City of Horn Lake levied $520,508 in ad valorem taxes on the property for the tax year ending December 31, 2007. These taxes were never paid and

2

became delinquent on February 1, 2008. The property was offered for sale at public auction by the DeSoto County tax collector on August 25, 2008, to collect the delinquent taxes. SASS was the successful bidder at the auction, with a bid of $530,508.[1]

¶4.    No purported property owner or lienholder attempted to redeem the property within the two-year statutory redemption period.  On August 30, 2011, approximately a year after the expiration of the redemption period, SASS filed a complaint in DeSoto County Chancery Court, asking the court to declare the tax sale void and to order a refund of the purchase price.   SASS's request for a refund was based on thee separate theories, which were enumerated as separate "counts" in SASS's complaint.  First, SASS alleged that the tax sale was void, because the chancery clerk had failed to provide notice of the expiration of the redemption period to MIC-Rocky, the purported owner of the property, and Marshall Investments and DeSoto Development, the purported lienholders, as required by the tax-sale statutes.  Second, and alternatively, SASS claimed that DeSoto Development was the true owner of the property and was entitled to notice, because MIC-Rocky did not exist as a legal entity at the time the property was conveyed to it.  Finally, SASS argued that the assessments on the property were grossly disproportionate to the true value of the property, constituting a violation of the Fifth and Fourteenth Amendments of the United States Constitution.  The complaint named four distinct groups of defendants: (1) DeSoto County, the DeSoto County tax collector, the DeSoto County tax assessor, and the DeSoto County chancery clerk ("the

---

[1] This amount included: $476,432.53 for city curb/gutter tax; $2,970.45 for gross city taxes; $6,592.27 for gross county taxes; $98.02 for county drainage fees; $34,051.73 for interest owed; $3.00 for printer fees; and $10,000 as an excess bid.

County Defendants"); the City of Horn Lake ("the City Defendant"); Marshall Investments, MIC-Rocky, and several individual trustees ("the Corporate Defendants"); and the Mississippi Department of Revenue and the State of Mississippi ("the Nominal Defendants").[2]

¶5.     The City and County Defendants each filed answers to SASS's complaint. The Corporate Defendants filed a motion to dismiss SASS's complaint pursuant to Mississippi Rule of Civil Procedure 12(b)(6). In their motion, the Corporate Defendants claimed they had no legal or equitable interest in the property due to the expiration of the redemption period. They also argued that SASS's complaint failed to set forth the elements of any cause of action against them and did not request any relief from them.

¶6.     SASS served the defendants with discovery requests on March 20, 2012. In response, the Corporate Defendants filed a motion for a protective order to stay discovery pending the outcome of their Rule 12(b)(6) motion. The City and County Defendants also moved for protective orders, arguing that SASS had failed to serve its discovery requests within the period provided by Uniform Chancery Court Rule 1.10(a). SASS then moved to compel discovery and extend the discovery deadline. On August 13, 2012, the chancery court issued an order granting SASS's motion for an enlargement of the discovery deadline. The chancery court also denied the City and County Defendants' motions for protective orders, but temporarily stayed discovery for ninety days to allow them to "file any dispositive

---

[2] The Nominal Defendants answered SASS's complaint and essentially disclaimed any interest in the litigation.

4

motions pursuant to Rule 12." The chancellor took the Corporate Defendants' motion to dismiss under advisement and stayed discovery as to them.

¶7. On September 19, 2012, the County Defendants filed a motion to dismiss SASS's complaint pursuant to Rule 12(b)(6). The County Defendants argued that SASS's complaint failed to state a claim upon which relief could be granted because Mississippi's tax-sale statutes do not afford a tax-sale purchaser the remedy of voiding its purchase and obtaining a refund. The County Defendants also asserted that the tax-sale statutes were enacted for the protection of landowners and lienholders, not tax-sale purchasers. Thus, the County Defendants claimed that SASS lacked standing to pursue its claims. Finally, the County Defendants argued that the applicable statute of limitations had expired prior to the filing of SASS's complaint. The Corporate Defendants filed a joinder in this motion on September 24, 2012.

¶8. On September 27, 2012, the City filed its own motion to dismiss pursuant to Rule 12(b)(6). The City echoed the County Defendants' arguments regarding standing and the statute of limitations. In addition, the City argued that SASS's claim was barred by the doctrine of caveat emptor. The Corporate Defendants filed a joinder in this motion on October 5, 2012.

¶9. The chancery court held a hearing on the defendants' motions to dismiss on July 31, 2013. At the conclusion of the hearing, the chancellor granted the City and County Defendants' motions to dismiss based on lack of standing and caveat emptor. The trial court acknowledged that this ruling applied to all defendants. The trial court did not issue a ruling

on the defendants' statute-of-limitations claims. The chancellor then requested the defendants to prepare an order of dismissal. However, the parties could not agree on the substance of the order, so two separate orders were submitted for the chancellor's review. The first, prepared by the defendants, included a finding that Count III of SASS's complaint was barred by the statute of limitations. The second, prepared by SASS, dismissed the complaint based solely on lack of standing. SASS alleges that the trial court signed the defendants' proposed order of dismissal. However, the record includes only one signed order of dismissal, and that order is based solely on SASS's lack of standing. The order specifically dismissed all defendants from the case, stating, "County Defendants' and City Defendants' motions to dismiss, which the Corporate Defendants have properly joined, are sustained, and this cause of action be, and the same is hereby dismissed."

¶10. SASS now appeals the chancellor's judgment of dismissal to this Court, raising the following issues:

> I. **Whether a tax-sale purchaser has standing to initiate litigation to set aside a void tax sale and seek a refund in situations where the void tax sale results from the chancery clerk's failure to provide notice in conformity with statutory requirements.**
>
> II. **Whether any statute of limitations bars SASS from receiving a refund after a void tax sale.**
>
> III. **Whether the Corporate Defendants properly joined in the motions to dismiss filed by the County Defendants and the City.**

¶11. The County Defendants, the City Defendant, and the Corporate Defendants each have filed their own briefs in response to SASS's appeal and also have joined in and adopted the

6

arguments in each other's briefs pursuant to Mississippi Rule of Appellate Procedure 28(j). The National Tax Lien Association has filed an *amicus curiae* brief in favor of SASS.

## STANDARD OF REVIEW

¶12. Standing is an aspect of subject-matter jurisdiction. *Kirk v. Pope*, 973 So. 2d 981, 990 (Miss. 2007) (citations omitted). "The existence of subject-matter jurisdiction . . . turns on the well pleaded allegations of the complaint which are taken as true." *Am. Fid. Fire Ins. Co. v. Athens Stove Works, Inc.*, 481 So. 2d 292, 296 (Miss. 1985) (citing *Luckett v. Miss. Wood, Inc.*, 481 So. 2d 288, 290-91 (Miss. 1985)). This Court reviews questions of standing de novo. *Gartrell v. Gartrell*, 27 So. 2d 388, 391-92 (Miss. 2009).

## DISCUSSION

**I.** **Whether a tax-sale purchaser has standing to initiate litigation to set aside a tax sale on the ground that the chancery clerk failed to notify other parties of the expiration of the redemption period, as required by statute.**

¶13. "It is well settled that 'Mississippi's standing requirements are quite liberal'" compared to the standing requirements set out in Article III of the United States Constitution.[3] *State v. Quitman County*, 807 So. 2d 401, 405 (quoting *Dunn v. Miss. State Dep't of Health*, 708 So. 2d 67, 70 (Miss. 1998)). To have standing to sue, a party must "assert a colorable interest in the subject matter of the litigation *or* experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law." *Fordice v. Bryan*, 651 So. 2d 998, 1003 (Miss. 1995) (emphasis added). An interest is deemed

---

[3] The United States Constitution's strict definition of standing does not appear in the Mississippi Constitution. *See Van Slyke v. Bd. of Trustees of State Insts. of Higher Learning*, 613 So. 2d 872, 880 (Miss. 1993).

colorable if it "appear[s] to be true, valid, or right." ***Schmidt v. Catholic Diocese of Biloxi***, 18 So. 3d 814, 827 n.13 (Miss. 2009) (quoting *Black's Law Dictionary* 212 (abr. 7th ed. 2000)). "[A]n individual's legal interest or entitlement to assert a claim against a defendant must be grounded in some legal right recognized by law, whether by statute or by common law." ***City of Picayune v. S. Reg'l Corp.***, 916 So. 2d 510, 525 (Miss. 2005) (quoting ***Quitman Cnty.***, 807 So. 2d at 405)). "[F]or a plaintiff to establish standing on grounds of experiencing an adverse effect from the conduct of the defendant/appellee, the adverse effect experienced must be different from the adverse effect experienced by the general public." ***Hall v. City of Ridgeland***, 37 So. 3d 25, 33-34 (Miss. 2010) (citing ***Burgess v. City of Biloxi***, 814 So. 2d 149, 153 (Miss. 2002)). The question before this Court is whether SASS has standing to challenge the chancery clerk's compliance with the notice provisions of Mississippi's tax-sale statutes.[4]

¶14.    Section 27-45-3 of the Mississippi Code allows an owner whose land was sold for taxes, "or any persons for him with his consent, or any person interested in the land" to redeem the property by paying the delinquent taxes, along with statutory damages and interest, within two years after the date of the tax sale. Miss. Code Ann. § 27-45-3 (Rev. 2010). The chancery clerk is required by statute to provide the owner of the property, as well as any mortgagees, beneficiaries, and holders of vendors' liens, written notice of the expiration of this redemption period. *See* Miss. Code Ann. §§ 27-43-1 to 27-43-11 (Rev. 2010 and Supp. 2014). Should the chancery clerk inadvertently fail to notify the property

---

[4] Whether the tax sale actually was void under those same statutes is not an issue before this Court.

owner in compliance with the statutory requirements, "the sale *shall be void* and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid." Miss. Code Ann. §§ 27-43-3 to 27-43-11 (Rev. 2010 and Supp. 2014) (emphasis added). In addition, the failure to provide notice to a lien holder renders the sale void as to that lien holder, and the purchaser "shall be entitled to a refund of all such taxes paid the state, county or other taxing district after filing his claim therefor as provided by law." Miss. Code Ann. § 27-43-11 (Rev. 2010).

¶15.    While both Section 27-43-3 and Section 27-43-11 clearly provide that a refund is the proper remedy for a tax-sale purchaser in the event that the sale is determined to be void for lack of notice, these statutes do not explicitly state whether the purchaser may actually initiate litigation to declare the sale void. This Court has never addressed whether a party who is not entitled to notice – SASS, in this case – may nevertheless challenge the validity of the tax sale based on lack of notice to another party. However, the Court of Appeals has held that a party with an ownership interest in property sold for taxes has standing to contest the validity of the sale under the notice statutes, even if that party was not entitled to notice under those statutes. *See Moore v. Marathon Asset Mgmt., LLC*, 973 So. 2d 1017 (Miss. Ct. App. 2008). In *Moore*, the plaintiff purchased the property at issue at a foreclosure sale in 2003, unaware that the defendant had purchased the same property at a tax sale almost two years earlier. *Id.* at 1018-19. The chancery clerk had failed to notify the property owner of the expiration of the redemption period, which occurred seventy-six days after the foreclosure sale. *Id.* at 1019. Upon learning of the tax sale, the plaintiff recorded his deed

9

and brought suit against the defendant to quiet title, arguing that the tax sale to the defendant was void for lack of notice to the property owner. *Id.* The chancery court denied the plaintiff's requested relief, finding that the chancery clerk had complied with the notice statutes. *Id.* On appeal, the Court of Appeals reversed the trial court's judgment, finding that the chancery clerk's failure to notify the property owner of the expiration of the redemption period rendered the tax sale to the defendant void. *Id.* at 1021. The Court of Appeals specifically held that the plaintiff had standing to challenge the validity of the tax sale, even though he was not entitled to notice under the statutes at issue, because he had obtained an actionable interest in the property prior to the expiration of the redemption period. *Id.* at 1022.

¶16.    In line with this reasoning, the Attorney General has issued several opinions finding that parties with an interest in the land in question have standing to challenge the validity of the tax sale, even though they were not entitled to notice under the tax-sale statutes. The Attorney General previously has advised the City of McComb that it had the authority to void a tax sale at the request of the purchaser, where the chancery clerk had failed to notify a lienholder of the expiration of the redemption period. Opinion No. 97-0101, 1997 WL 165790, at *1 (Miss. Att'y Gen. Mar. 21, 1997). Similarly, the Attorney General has advised the City of Hattiesburg that it would be required to grant a municipal tax-sale purchaser's request for a refund, where an earlier sale of the same property for county taxes had rendered the purchaser's title void. Opinion No. 97-0836, 1998 WL 57357, at *1 (Miss. Att'y Gen. Jan. 15, 1998). The Attorney General opined that the City of Bay St. Louis had standing "as

10

an interested party" to initiate and participate in a lawsuit to cancel forty-one tax sales that were determined to be void for lack of notice to the property owners. Opinion No. 2004-0530, 2004 WL 3015463, at *2 (Miss. Att'y Gen. Nov. 5, 2004). Consistent with this opinion, the Attorney General advised the City of Cleveland that it had the authority to void a tax sale either by executive resolution or through judicial declaration. Opinion No. 2011-00400, 2011 WL 5857724, at *2 (Miss. Att'y Gen. Oct. 14, 2011) (citing Miss. Code Ann. § 21-33-59 (Rev. 2007)). "Although Attorney General opinions are not binding, they are certainly useful in providing guidance to this Court." *In re Assessment of Ad Valorem Taxes on Leasehold Interest Held by Reed Mfg., Inc. ex rel. Itawamba Cnty. Bd. of Supervisors*, 854 So. 2d 1066, 1071 (Miss. 2003) (citing *City of Durant v. Laws Constr. Co.*, 721 So. 2d 598, 604 (Miss. 1998)). These opinions clearly illustrate the Attorney General's consistent opinion that an "interested party" has standing to seek a judicial declaration voiding a tax sale, regardless of whether that party was entitled to notice of the expiration of the redemption period.[5]

¶17. The appellees' primary argument against SASS's claim of standing is that the notice provisions of the tax-sale statutes were enacted to protect the due process rights of landowners and lienholders, not tax-sale purchasers. *See Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991) ("Statutes dealing with land forfeitures for delinquent taxes should be

---

[5]The appellees attempt to distinguish the Attorney General opinions cited by SASS by pointing out that none of the situations addressed in those opinions had proceeded to litigation. While this is assertion is true, we also find it to be irrelevant, as the Attorney General cannot issue opinions on matters that are in litigation. *See* Miss. Code Ann. § 7-5-25 (Rev. 2014).

11

strictly construed in favor of the landowners."). Thus, the appellees claim that SASS's lawsuit is an improper attempt to assert the rights of the property owner. *See, e.g.,* ***Miss. State Tax Comm'n by and through Marx v. Veazy***, 624 So. 2d 997, 1001 (Miss. 1993) (holding that owner of liquor store lacked standing to contest the constitutionality of Section 67-1-83 of the Mississippi Code on the ground that it violated customers' due process rights).

¶18. We find this argument to be without merit. It is true that "[o]ne who is not prejudiced by the enforcement of an act of the legislature *cannot question its constitutionality* or obtain a decision as to its constitutionality on the ground that it impairs the rights of others." ***Miss. Ins. Guar. Ass'n v. Gandy***, 289 So. 2d 677, 679 (Miss. 1973) (emphasis added and removed). But SASS is not attempting to question the constitutionality of Section 27-43-3's notice requirements. Rather, SASS simply challenges the chancery clerk's actual compliance with the notice procedure required by law. The chancery clerk's failure to comply with those requirements renders the sale *void*, not simply voidable by the property owner, and the commencement of a cause of action is not even necessary to set aside the sale. *See* Miss. Code Ann. § 21-33-59 (Rev. 2007) (authorizing municipal authorities to declare a tax sale void "by resolution entered upon their minutes"). Accordingly, the appellees' argument here is contrary to the plain language of the tax-sale statutes.

¶19. The appellees also argue that the doctrine of caveat emptor bars SASS from "backing out" of its purchase due to the chancery clerk's failure to comply with the statutory notice requirements. Under Mississippi law, "the purchaser at a tax sale buys strictly under the rule of caveat emptor." ***Parsons v. Marshall***, 139 So. 2d 833, 837 (Miss. 1962) (citation

12

omitted). "At a tax sale the bidders or purchasers . . . are chargeable with notice and knowledge of the existing statutory requirements for a valid sale, and the statutory conditions upon which a valid deed may be acquired; and must be held to have purchased subject to such statutory provisions." *Everett v. Williamson*, 163 Miss. 848, 143 So. 690, 692 (1932). "If [the purchaser] fails to secure a good title to the property he attempts to purchase, because of the invalidity of the tax sale, he cannot recover the amount paid therefor, either from the taxing authorities or from the owner of the land, *unless some statute in terms provides such remedy*." *Parsons*, 139 So. 2d at 837 (citation omitted) (emphasis added). The Court of Appeals has applied this reasoning to bar a tax-sale purchaser's claim for damages against a chancery clerk and a sheriff for their alleged failure to follow the notice statutes. *See Rebuild America v. Johnson*, 99 So. 3d 1154, 1160 (Miss. Ct. App. 2010). The appellees argue that the doctrine of *caveat emptor* applies to this case and prohibits SASS from attempting to void its purchase and obtain a refund based on an alleged defect in the sale.

¶20.    We find that the doctrine of caveat emptor is inapplicable to SASS's claim. While this Court has held that caveat emptor applies to tax sales, we also have been clear that it applies only in the absence of a statute granting the purchaser a remedy. *See Parsons*, 139 So. 2d at 837. As such, the defendant in *Johnson* was barred from suing the chancery clerk for damages because no statute provides for such a remedy. Here, on the other hand, SASS is not attempting to sue any other party for damages caused by the alleged defective sale. Rather, SASS seeks a refund of its purchase price, a remedy specifically provided for in Sections 27-43-3 and 27-43-11. This procedure does not allow a tax-sale purchaser to "back

out" of its investment on a whim, but applies only when the sale is void for lack of notice. Thus, caveat emptor does not bar SASS's challenge to the validity of the tax sale.

¶21.    Under Mississippi's liberal standing requirements, we find that a tax-sale purchaser has standing to challenge the validity of the sale under the notice provisions of the tax-sale statutes. A tax-sale purchaser undeniably holds an interest in the property, both prior to and after expiration of the redemption period, regardless of the validity of the sale. Upon the expiration of the redemption period, assuming all prerequisites for a valid tax sale were met, perfect legal title vests in the purchaser by operation of the tax sale, and the owner is divested of any interest in the property. *Equity Servs. Co. v. Miss. State Highway Comm'n*, 192 So. 2d 431 (Miss. 1966). However, "[t]he term 'redemption' implies that there is something to be redeemed, something lost to be gotten back, and hence where a sale for taxes is void and passes no title, there can be no redemption." *Seward*, 198 Miss. at 434. If, as SASS alleges, the tax sale in question is void for lack of notice to the property owner, title to the property did not pass to SASS at the expiration of the redemption period, and SASS cannot confirm its title. However, SASS still holds an interest in the property as a statutory lienholder. Miss. Code Ann. § 27-45-27(1) (Rev. 2010) (recognizing that a tax-sale purchaser retains a lien on the property in the event that the sale is declared "illegal on some other ground"). Thus, SASS obtained an actionable interest in the property at the expiration of the redemption period, even though it was not entitled to notice under the statutes in question. SASS's interest in the validity of its title to the property gives it standing to challenge the chancery clerk's compliance with the notice statutes.

14

## II. Whether a statute of limitations bars SASS from receiving a refund after a void tax sale.

¶22. While the appellees properly raised the issue in their motions to dismiss, the trial court did not rule on the issue. The trial court's judgment of dismissal was based only on SASS's alleged lack of standing and the doctrine of caveat emptor. Thus, we decline to address this issue for the first time on appeal. *See **Joshua Products, LLC v. D1 Sports Holdings, LLC***, 130 So. 3d 1089, 1092 (Miss. 2014) (declining to address appellee's argument that appellant's complaint should be dismissed for failure to state a claim, which was raised but not addressed in the trial court's judgment of dismissal).

## III. Whether the Corporate Defendants properly joined the other defendants' motions to dismiss.

¶23. SASS has cited no authority, either in its opening brief or reply brief, supporting its argument that the trial court's judgment of dismissal somehow did not apply to the Corporate Defendants. A party's failure to cite any authority in support of an assignment of error precludes this Court from considering the issue on appeal. *See **Grey v. Grey***, 638 So. 2d 488, 491 (Miss. 1994). Thus, we find that SASS's argument here is procedurally barred. And because we find that the trial court erred in dismissing SASS's complaint as to all appellees, SASS's argument here is also moot. Thus, we decline to address this issue.

## <u>CONCLUSION</u>

¶24. SASS, as the purchaser of the property in question at a tax sale, has standing to bring a suit to set aside the sale due to the chancery clerk's failure to comply with the tax-sale notice statutes. In addition, the doctrine of caveat emptor does not bar SASS's suit, as the

15

tax-sale statutes specifically provide for the remedy SASS seeks.  Accordingly, we reverse the chancery court's order dismissing SASS's complaint and remand this case to the chancery court for further proceedings.

¶25.    **REVERSED AND REMANDED.**

        **DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**