# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00106-COA

**BENNETT TAX CO. INC.**                                                                   **APPELLANT**

**v.**

**NEWTON COUNTY, MISSISSIPPI, NEWTON**                      **APPELLEES**
**COUNTY CHANCERY CLERK, AND NEWTON**
**COUNTY TAX COLLECTOR AND ASSESSOR**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/2018 |
| TRIAL JUDGE: | HON. H. DAVID CLARK II |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JOHN ANDREW HAMMOND |
| ATTORNEYS FOR APPELLEES: | ROBERT O. ALLEN |
| | JESSICA SUSAN MALONE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 06/16/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     On November 20, 2017, Bennett Tax Co. Inc. (Bennett) filed a complaint in the Newton County Chancery Court requesting that the court set aside its purchase of property at a 2015 public-auction tax sale. Newton County (County) subsequently filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 41(b), claiming that Bennett lacked standing. The court granted the County's motion. Aggrieved, Bennett appealed. After review, we find the chancellor misapplied the law as it existed at the time of the filing of the lawsuit as to Bennett's legal standing. Accordingly, we reverse and remand that portion of the ruling for proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Pioneer Health Services of Newton County LLC (Pioneer) owned the subject tax parcel[1] beginning October 4, 2011.  Pioneer failed to pay the 2014 taxes due, and the property was placed for sale at public auction on August 31, 2015.  Bennett purchased the property at the tax sale for a purchase price of $135,000.00.[2]  At the time Bennett purchased the property, there were two active deeds of trust in favor of the Internal Revenue Service (IRS) and the United States Department of Agriculture (USDA). The County again placed the property for sale at public auction for unpaid taxes in 2016 for the unpaid 2015 taxes.  Because there were no bidders at the 2016 auction, the property was "struck-off" to the State of Mississippi.

¶3.     After discovering some alleged statutory deficiencies in the 2015 tax sale, Bennett filed its complaint to set aside the tax sale on November 20, 2017, seeking to have its purchase price of $135,000.00 refunded.  Bennett claimed that the County failed to provide notice of the expiration of the two-year redemption period to Pioneer pursuant to Mississippi Code Annotated section 27-43-3 (Rev. 2017) and failed to make certified notations in the tax sale book pursuant to Mississippi Code Annotated section 27-43-9.   The County

---

[1] The subject tax parcel is located in the "SE 1/4 of the SW 1/4" and the "SW 1/4 of the SW 1/4 of Section 13, T6N, R11E, Newton County, Mississippi," and otherwise described as tax parcel number 068S-13-00-016.60.

[2] The purchase price consisted of $47,998.27 for county gross taxes, $27,060.88 for city gross taxes, $44,843.74 for school taxes, $8,393.20 for interest owed, $3.00 for a printer's fee, and $6,700.91 for an excess bid.

subsequently filed its answer, raising several defenses including lack of standing and the doctrine of caveat emptor. The case was removed to federal court for a short time by the IRS and USDA; however, those parties were later dismissed by agreement, and the case was remanded back to the Newton County Chancery Court. The court held a bench trial on October 9, 2018. After Bennett's case-in-chief, the County made a Rule 41(b) motion to dismiss, which the chancellor took under advisement until the end of the hearing. At the end of the County's case-in-chief, the court granted the County's motion based on Bennett's lack of standing. The court also found that there were deficiencies in the tax-sale book. Within the ruling of the chancery court, the chancellor stated "[T]he statutorily mandated procedure was not followed and for that reason the tax sale is void." The chancellor proceeded to analyze the meaning of "void" at the conclusion of his ruling. A final judgment, which incorporated the bench opinion by reference, was entered on November 1, 2018. Bennett filed its motion for a new trial on November 5, 2018, which the court denied on December 17, 2018. Aggrieved by the portion of the chancellor's ruling that dismissed its complaint for lack of standing, Bennett appealed.

**STANDARD OF REVIEW**

¶4. "We will overturn the chancellor's decision on a Rule 41(b) motion to dismiss only if the findings are not supported by substantial evidence, or the chancellor abused his discretion, was manifestly wrong, or applied an erroneous legal standard." *Pittman v. Pittman*, 195 So. 3d 727, 732 (¶12) (Miss. 2016) (citing *Stewart v. Merchants Nat'l Bank*,

3

700 So. 2d 255, 259 (Miss. 1997)). "Legal questions, however, are reviewed de novo." *Id*. (quoting *Sanford v. Sanford*, 124 So. 3d 647, 652-53 (¶21) (Miss. 2013)).

## ANALYSIS

¶5.     It is undisputed that Bennett purchased the subject property at a tax sale on August 31, 2015, as a result of delinquent taxes not paid by Pioneer for the 2014 tax year. The statutory two-year redemption period ended on August 31, 2017, and three months later, Bennett filed its complaint to set aside the tax sale on November 20, 2017. Bennett alleged that the tax-sale book entry for the 2014 delinquent taxes failed to notate not only information regarding the liens on the property but also lacked any information regarding notice to the property owner, Pioneer. Further, Bennett alleged that the published notice to Pioneer did not include its address. These deficiencies were the basis for Bennett's complaint to set aside the 2015 tax sale. As a result, Bennett sought a refund of $135,000.00 and a relinquishment of the subject property.

¶6.     Newton County argued that Bennett had no legal standing to file its complaint because it waited until after the two-year redemption period had expired from the 2015 tax sale and after the 2016 tax sale to file its complaint to set aside the sale. The subject property was struck-off to the State after the 2016 tax sale where there were no bidders, which, the County argued, eliminated Bennett's interest in the property. Further, the County argues on appeal that due to the recent amendment of Mississippi Code Annotated section 27-45-27(1) (Supp. 2019), Bennett clearly lacked the standing necessary to bring its complaint if applied

4

retroactively.

¶7.     At the time of the chancellor's ruling in this case, the governing rule of standing as to the rights of tax-sale purchasers was set forth in *SASS Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 449 (¶21) (Miss. 2015).  In *SASS*, the Mississippi Supreme Court found "[t]hat a tax-sale purchaser has standing to challenge the validity of the sale under the notice provisions of the tax-sale statutes.  A tax-purchaser undeniably holds an interest in the property, **both prior to and after expiration** of the redemption period, regardless of the validity of the sale." *Id*. (emphasis added).  The Supreme Court also held in *SASS* that if the title to the subject property is not transferred due to a deficient tax sale, the tax purchaser still holds an interest in the property as a statutory lien holder. *Id.*  This interest gives the tax-sale purchaser standing to challenge the chancery clerk's compliance with the notice statutes. *Id*. (citing Miss. Code Ann. § 27-45-27(1) (Rev. 2010)).

¶8.     In regard to the chancery clerk's compliance with the notice requirements, Mississippi Code Annotated section 27-43-3 states in part:

> They shall also be required to publish the name and **address** of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located, or if no newspaper is published as such, then in a newspaper having a general circulation in the county. . . . Should the clerk **inadvertently fail to send notice as prescribed in this section, then the sale shall be void** and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid.

(Emphasis added).  Further*,* Mississippi Code Annotated section 27-43-9 (Rev. 2017) states:

> Upon completing the examination for said liens, the clerk shall enter upon the tax sale book upon the page showing the sale a notation to the effect that such

examination had been made, giving the names and addresses, if known, of said lienors, the book and page where the liens are created, and the date of mailing by registered mail the notice to the lienors. If the clerk finds no liens of record, he shall so certify on said tax sale book. In each instance the clerk shall date the certificate and sign his name thereto.

"Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners . . . [and] [a]ny deviation from the statutorily[-]mandated procedure renders the sale void." *SKL Invs. Inc. v. Am. Gen. Fin. Inc.*, 22 So. 3d 1247, 1250 (¶7) (Miss. Ct. App. 2009) (quoting *Roach v. Goebel*, 856 So. 2d 711, 716 (¶29) (Miss. Ct. App. 2003)).

¶9. Since the date of the final judgment in this matter, Mississippi Code Annotated section 27-45-27 was amended effective July 1, 2019. The amended statute states in part:

> (2) **No purchaser of land at any tax sale, nor holder of the legal title under him by descent or distribution, shall have any right of action to challenge the validity of a tax sale**. (3) No county or municipal officer shall be held liable to any purchaser at a tax sale or any recipient of a tax deed for any error or inadvertent omission by such official during any tax sale.

Miss. Code Ann. § 27-45-27 (Supp. 2019) (emphasis added). While the amended statute abolished the standing rule set forth in *SASS*, the question becomes: should the amended statute be applied retroactively to this case?

> A statute will not be given retroactive effect unless it manifest from the language that the legislature intended it to so operate. It will not be construed as retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is. In short, these cases illustrate a well-settled attitude of statutory interpretation: A preference that it be prospective only, and a requirement that there should be a clearly expressed intent in the act to make it.

*Cellular South Inc. v. BellSouth Telecomms. LLC*, 214 So. 3d 208, 213 (¶13) (Miss. 2017)

6

(citing *Mladinich v. Kohn*, 186 So. 2d 481, 484 (Miss. 1966)). When presented with the question of retroactivity of an amended statute, the court in *Cellular South Inc. v. BellSouth Telecommunications LLC* further stated that "[E]very right or remedy created solely by the repealed or modified statute disappears or falls with the repealed or modified statute, **unless** carried to final judgment before the repeal or modification, save that no such repeal or modification shall be permitted to **impair the obligation of a contract** or to abrogate a vested right." *Id*. at 214 (¶16) (emphasis added). "In order to become vested, the right must be a contract right, a property right, or a right arising from a transaction in the nature of a contract which has become perfected to the degree that it is not dependent on the continued existence of the statute." *State ex rel. Pittman v. Ladner*, 512 So. 2d 1271, 1275-76 (Miss. 1987). Further, the court in *Price v. Harley*, 142 Miss. 584, 107 So. 673, 674 (Miss. 1926), held that an amended statute could not be applied if the application would impair the obligation of an existing contract. In a remarkable on-point ruling, the United States Supreme Court stated in *Wood v. Lovett*, 313 U.S. 362, 369 (1941), "The federal and state courts have held, with practical unanimity, that any substantial alteration by subsequent legislation of the rights of a purchaser at tax sale, accruing to him under laws in force at the time of his purchase, is void as impairing the obligation of contract."

¶10.    As early as the 2015 tax sale in which Bennett purchased the subject property and as late as the filing of Bennett's notice of appeal, the standing rule set forth in the *SASS* case was the applicable law. It was not until July 1, 2019, that the amended version of Mississippi

7

Code Annotated section 27-45-27 went into effect. That section abolished the *SASS* rule of standing. By July 2019, this case had been active for approximately a year and a half and was on appeal at the time of that amended statute's effective date. In accordance with *SASS*, Bennett had a vested right in the subject property from the date that it purchased the subject property at the 2015 tax sale. To retroactively apply Mississippi Code Annotated section 27-45-27 would impair the obligations of contract and retroactively apply a statute which does not meet the statutory retroactivity test in the *Cellular South* case. *Cellular South*, 214 So. 3d at 213 (¶13) (citing *Mladinich v. Kohn*, 186 So. 2d 481,484 (Miss. 1966)).

¶11.    As previously stated, at the time of the final judgment, Mississippi Code Annotated section 27-45-27 had not yet been amended; however, the chancellor found that Bennett lacked standing to file its complaint to set aside the 2015 tax sale based on the 2016 tax sale, where the subject property was struck-off to the State of Mississippi. But at the time of the 2016 tax sale, the two-year redemption period relating back to the 2015 tax sale had not yet expired. Any complaint filed by Bennett prior to the 2016 tax sale would have been premature and filed on presumed non-compliance by the chancery clerk before any of the clerk's notice obligations were triggered. The clerk of the chancery court had until July 2, 2017 to comply with the statutory notice obligations pertaining to the 2015 tax sale, and therefore Bennett could not have filed its complaint before that date. "The clerk of the chancery court shall, within one hundred eighty (180) days and not less than (60) days prior to the expiration of the time of redemption with respect to land sold, either to individuals or

8

to the state, be required to issue notice to the record owner of the land sold . . . ." Miss. Code Ann. § 27-43-1(Rev. 2017). The alleged deficiencies in the 2015 tax sale would have occurred after the 2016 tax sale. *SASS* made it unequivocally clear that a tax-sale purchaser has standing to challenge the validity of the sale under the notice provisions of the tax-sale statutes, both prior to **and after** expiration of the redemption period, regardless of the validity of the sale. *SASS*, 170 So. 3d at 449 (¶21) (emphasis added). Because the chancellor's finding as to Bennett's lack of standing to file its complaint was founded on a misapplication of the law, we reverse and remand for further proceedings consistent with this opinion.

¶12. Finally, Bennett requests that this Court rule that the 2015 tax sale was void for the failure of the Newton County clerk "to strictly comply with the requirements of §§ 27-43-1, et seq." However, within the chancery court's ruling, the chancellor stated, "[T]he statutorily mandated procedure was not followed and for that reason the tax sale is void." Given the ruling of the chancellor regarding the validity of the tax sale, we see no reason to discuss this issue further.

**CONCLUSION**

¶13. The chancellor erred in his ruling that Bennett lacked standing to file its complaint to set aside the 2015 tax sale where it purchased the subject property for $135,000.00. The chancellor misapplied the governing caselaw in his ruling that Bennett lost standing after the expiration of the two-year redemption period relating to the 2015 tax sale and after the 2016

9

tax sale where the subject property was struck-off to the State of Mississippi. Because this case occurred prior to the July 1, 2019 amendment to Mississippi Code Annotated section 27-45-27 and the *SASS* standing rule was still applicable, we reverse and remand the chancellor's ruling as to Bennett's standing to file suit for further proceedings consistent with this opinion.

¶14.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**