Thomas M. McClenden v. Albert L. Whitten et al.

[48 South. 964.]

Chancery Clerk. *Tax sales. Code* 1906, § 4333. *Notice to default-*
*ing tax payer. Expiration of time to redeem. Penalty. Dam-*
*ages. Waiver. Limitation of actions. Code* 1906, § 3101.

Under Code 1906, § 4333, providing that, within ninety and not
less than sixty days, before the expiration of the time for the
redemption of land sold for taxes the chancery clerk shall give
designated written notice thereof to the defaulting tax payer
and subjecting him to a penalty and liability for damages if he
fail to give the notice:

*(a)* A chancery clerk failing to give said notice is liable on his
official bond; and

*(b)* Suit for damages suffered by the tax payer is not barred in
one year, although a suit for the penalty may be, under Code
1906, § 3101, limiting the time for the beginning of suit to re-
cover penalties; and

*(c)* The clerk's failure to give written notice prescribed by the
statute will not be excused by the fact that he gave the notice
verbally unless the tax payer waived his right in the premises.

From the circuit court of, first district, Tallahatchie county.
Hon. Samuel C. Cook, Judge.

McClenden, appellant ,was plaintiff in the court below; Whit-
ten and others, appellees, were defendants there. From a judg-
ment in defendant's favor, plaintiff appealed to the supreme
court.

The suit was against Whitten, former clerk of the chancery
court of the county, and the sureties on his official bond. The
opinion of the court states the facts.

*Broome & Woods,* for appellant.

Code 1906, § 4333, requires the clerk of the chancery court,
within a specified time prior to the expiration of the period
limited for redemption of land from tax-sale, to issue notice to

the owner that the land had been sold for taxes and that the title
will in due course become absolute in the owner unless redemp-
tion be made within a certain time. The Code section further
requires that the notice shall be served by the sheriff, if the
owner be a resident. And Code 1906, § 4333, imposes a pen-
alty upon either officer if he shall fail in the performance of
the duties above set forth.

These wise and salutary provisions of the statute were not
complied with by the clerk of the chancery court; and accord-
ingly he and his bondsmen became liable to appellant for dam-
ages.

The statute in question required notice to be given to the land-
owner. And by this was meant a legal notice, and not mere
verbal information.

The impotent excuse of the clerk that he acted as the agent
for Mitchell & McClendon, was no palliation of his delinquency
and failure to discharge the plain provisions of the statute law.

To say that a vague, indefinite and uncertain conversation,
such as was alleged to have taken place in this case would satisfy
the statute with regard to the requisite notice, would indicate a
most radical departure from the general trend of authorities
which jealously uphold the constitutianal inhibition against the
taking of a person's property without due process of law.

Appellant had a right to rely upon the statute laws of his
state and to rest secure in the belief that before he could be de-
prived of his property the clerk of the chancery court must, in
an event such as this, carry out explicitly the requirements of
the statute.

The "verbal notice" which was given by the clerk's deputy
to appellant's business associate was given at some indefinite
time in the year, 1906. How can any court intelligently
pass upon the sufficiency of a verbal notice? No record of the
exact language was kept. No proof that such verbal notice was
in the language of the statute is shown.

The agreed statement of facts shows that the abstract of pro-

-ceedings in the office of the clerk of the chancery court would have shown appellant that the land sold was his property. But this in no wise excuses the appellee, Whitten, as clerk, to comply with his duties in the matter.

No laches can be imputed to appellant, inasmuch as the pre-sumption is that he would have taken appropriate steps to protect his interests, if he had received the legal notice required by the code section.

*Dinkins & Caldwell,* for appellees.

The tax sale matured in March, 1907, and this suit was instituted one year and eight months thereafter, or in November, 1908. The notice given by Marshall, the clerk's deputy, was in 1906. Code 1906, § 3101, provides that "all actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after." Now, the appellant's demand was against appellees and the official bond of the clerk for actual damages alleged to have been sustained by appellant. No demand was made by appellant for the statutory penalty of twenty-five dollars. The appellant's claim was barred by Code 1906, § 3101, when he instituted this suit, if the actual damages demanded shall be deemed to be a penalty to be paid by the clerk.

The form of notice required to be given to the owner of lands sold for delinquent taxes is set forth in the code section. If the owner is a resident of this state, it is to be issued to and served by the sheriff, but if the owner is a non-resident, the notice is to be mailed to him by the clerk, provided his post office address can be ascertained by diligent inquiry. The notice is required to be issued for service on the resident owner only if his address is known to the clerk. The record does not show the place of resi-dence or post office address of appellant; but it does show that the land was assessed to Mitchell & McClendon. If McClendon,

the appellant, was a member of this firm, we cannot presume that his residence was known to the clerk, even though the record shows that Mitchell & McClendon were doing business at Enid, in the county in which the land was sold for taxes.

The notice required by Code 1906, § 4333, is intended alone to inform the owner of land which has been sold for taxes that such sale has taken place, so that he may protect himself by exercising his right of redemption. The statute is not to be treated as furnishing a cause of action against the clerk in case he fails to give the notice in the method prescribed. It was enacted for the benefit of persons who inadvertently have allowed their lands to be sold for taxes. Hence, as the purpose of the statute is to inform the owner that his land has been sold for taxes, can he admit knowledge of the sale and yet recover the penalty which the statute provides? If the owner of the land is actually informed by the clerk that his land has been sold for delinquent taxes of a certain year, a full compliance with the statute can do no more for him, and the statute should not be used to compensate the owner for losses sustained through his own laches.

Mayes, J., delivered the opinion of the court.

The agreed facts of this case show that a certain tract of land assessed to Mitchell & McClendon, a mercantile firm engaged in business in Tallahatchie county, was sold for taxes on the first Monday of March, 1905. At the date of the sale, and until the 31st day of December, 1907, Whitten, appellee, was the chancery clerk of the county. Though the property was assessed to, and sold as the property of Mitchell & McClendon, the tax title was allowed to mature without the chancery clerk giving the notice as required by section 4333, Code of 1906, though it is agreed that one Marshall, the deputy clerk of Whitten, gave to Mitchell, a member of the firm of Mitchell & McClendon, verbal notice of the sale at some time during the year 1906, the exact date at which this verbal notice was given not being specified, and at the time that Marshall gave this verbal notice it is agreed

that he was looking after the business interests of the firm.   It is agreed that the failure of the chancery clerk to notify Mc-Clendon damaged him in the actual sum of $75, and that if he had received notice of the tax sale he would have redeemed the lands.   On these facts being agreed to, McClendon brought suit to recover from the clerk his actual damage; the suit being begun in November, 1908, more than one year after the failure of the clerk to give the notice.   The penalty provided by section 4333 is not claimed; it being conceded that McClendon is barred as to this under section 3101, Code of 1906.   The court below held the clerk not liable and dismissed the suit, from which action an appeal is prosecuted.

Section 4333 of the Code of 1906 requires the collector of taxes to "make a list of lands sold to individuals, in the same manner as required of lands sold to the state, which he shall file with the clerk of the chancery court, who shall record the same in a book to be kept for that purpose; and the clerk of the chancery court shall, within ninety days and not less than sixty days prior to the expiration of the time of redemption, if the owner of the land sold, either to individuals or to the state, be a resident of this state and the address known to said clerk, be required to issue notice to such owner in effect following, to-wit: 'State of Mississippi, County, of ——.   To ——:   You will take notice that —— [here describe land] —— land assessed to you or supposed to be owned by you, was, on the —— day of ——, sold to ——, for the taxes of —— [year] ——, and that the title to said land will become absolute in —— unless redemption from said tax sale be made on or before —— day of ——.'   And if said owner be a nonresident and his post office address be known, or can be ascertained after diligent inquiry, the chancery clerk shall mail to him a copy of the above required notice and note the mailing thereof upon said list, for which he shall be allowed fifty cents, and the sheriff shall be required to serve such personal notice as summons issued from a court are served, and make his return to the chancery clerk.   *   *   *   If the clerk

or sheriff shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of twenty-five dollars, besides the actual damages sustained."

It is not pretended that the clerk attempted any sort of compliance with the requirements of this statute. Of course, it was not necessary for the clerk to make an investigation of the records to find out who, in truth, was the real owner of the property; but he was only required to notify the persons assessed with the property at the time of its sale. But the clerk did not do this. Section 4333 imposes a very important duty on the clerk. It is designed to bring positive and direct notice to a defaulting taxpayer, wiithin a short time before the maturing of the tax title, that it is outstanding and will soon mature into a perfect title, so as to enable him to redeem. The statute is a most wholesome one, and should be strictly observed. The statute provides when the notice shall be issued, how it shall be served, and what kind of notice shall be given. No verbal notice answers the statute, unless accepted in lieu of the statutory notice, and there is no pretense that such was the case here, or that the notice verbally given by Marshall was intended as the notice required under the section. On the contrary, as to this, it appears that Marshall was not acting for the clerk, but was an employe of Mitchell & McClendon in looking after their interests. Liability under this statute for actual damages can be escaped only by a compliance with the statute, by giving written notice as required, unless the defaulting taxpayer waives the notice.

There is but one penalty provided by the statute, and that is for the recovery of the "penal sum of twenty-five dollars" for a failure to perform the duty required, and as to this "penal sum" there can be no recovery after one year, because of section 3101; but not so as to the recovery of actual damage. The right to sue for the recovery of actual damage is not affected by the one-year statute, since this is not in any true sense any part of the penalty

provided by the statute. The actual damage is for the breach of official duty, and the statute warrants a recovery for this, though the penalty be barred.

*Reversed and remanded.*