ISHEE, J.,
 

 for the Court:
 

 ¶ 1. C.F.P. Properties, Inc. (CFP) appeals the decision of the Chancery Court of Harrison County which granted summary judgment in favor of Roleh, Inc. (Roleh), the owner of a commercial building that was sold and conveyed to CFP after an August 2004 tax sale. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Roleh was formed in 1963 and listed its registered agent as T.N. Roberts. Roberts died in 2003. Roleh failed to pay the 2003 property taxes for the commercial property; therefore, on August 30, 2004, the property was sold for unpaid taxes to Maitland Investors (Maitland). Prior to the tax sale, Roleh was the record owner of the commercial building in dispute, and Roberts was still listed as its registered agent even though he had died in 2003. In December 2004, after the sale to Maitland, Roleh was administratively dissolved by the Office of the Mississippi Secretary of State.
 

 
 *576
 
 ¶ 3. Roleh had until 2006 to redeem the taxes from the 2004 tax sale to Maitland. The Harrison County Chancery Clerk’s Office mailed its first notice of the expiration of the redemption period to Roleh on April 28, 2006. The notice, which was mailed to the address Roleh had listed with the secretary of state’s office, was returned marked “Returned to Sender not here.” On July 7, 2006, the clerk published notice of the expiration of the redemption period in the local newspaper. Written notice was again sent to Roleh on July 17, 2006. The notice was returned marked “Box Closed No Forwarding Order on File.”
 

 ¶ 4. Between August 30, 2004, and October 13, 2006, Roleh did not pay the delinquent taxes so it could redeem the property; therefore, on October 13, 2006, the Harrison County tax collector executed a conveyance of land sold for taxes, conveying the property to Maitland. The chancery clerk’s office then executed an affidavit stating its efforts to locate the owner. The affidavit was inadvertently dated February 27, 2006, when it should have been dated February 27, 2007; however, there is no record of the affidavit ever being placed in the tax-sale records. According to Virgil Gillespie, who obtained a complete copy of all the documents in the tax-sale records regarding the property, there was no affidavit of diligent search and inquiry or a sheriffs return of process in the file.
 

 ¶ 5. After the property was conveyed to Maitland, Maitland then conveyed it to Rebuild America, Inc. (Rebuild), which later conveyed the property to CFP in November 2007.
 

 ¶ 6. Roleh was reinstated by the secretary of state’s office in January 2008. Ro-leh then changed its registered agent from Roberts to Nancy Wheeler. In April 2008, Roleh filed a motion to set aside the August 30, 2004, tax sale and conveyance.
 

 ¶ 7. The chancex-y clerk’s office executed an affidavit in August 2008 stating that it had reviewed the tax sale and found no clerk’s affidavit detailing the efforts to locate the owner of the property. Two months later, in October 2008, the chancery clerk’s office executed a second affidavit detailing the efforts to locate the owner. Roleh then filed a motion for summary judgment seeking to void the tax sale, which was granted. CFP now appeals to this Court, asserting that the trial court erred in granting summary judgment in favor of Roleh.
 

 STANDARD OF REVIEW
 

 ¶ 8. When reviewing the grant or denial of a motion for summary judgment by the chancery court, this Court reviews the record de novo on appeal.
 
 Madison v. DeSoto County,
 
 822 So.2d 306, 309 (¶ 15) (Miss.Ct.App.2002).
 

 DISCUSSION
 

 ¶ 9. CFP takes issue with the trial court’s grant of summary judgment in favor of Roleh. CFP argues that the chancery clerk’s office gave proper notice of the expiration of the redemption period. CFP also argues that there are genuine issues of a material fact present; that is, different employees of the chancery clerk’s office executed conflicting affidavits, thereby precluding the grant of summary judgment in favor of Roleh.
 

 ¶ 10. At the time the conveyance was executed, the tax-sale record lacked both the sheriffs return of process and an affidavit from the chancery clerk detailing the acts of diligent search and inquiry used to determine the correct address of the property owner. Roleh argues that the absence of even one of these required documents renders the conveyance void.
 

 ¶ 11. Mississippi Code Annotated section 27-43-3 (Supp.2009) requires that no
 
 *577
 
 tice be given to property owners of a tax sale before a valid tax deed may be issued to the purchaser of the subject property. Under this statute, service of notice must be made by the sheriff, and notice must also be sent by registered or certified mail. Section 27-43-3 states in pertinent part:
 

 In the event the notice by mail is returned undelivered and the personal notice as hereinabove required to be served by the sheriff is returned not found, then the clerk shall make further search and inquiry to ascertain the reputed owner’s street and post office address. If the reputed owner’s street or post office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as herein-above set out. If personal notice is again issued and it is again returned not found and if notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and — such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner’s street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.
 

 Id.
 

 ¶ 12. It is undisputed that there is no affidavit regarding the act of diligent search and inquiry. The chancery clerk verified that as of August 28, 2008, there was no affidavit of diligent search and inquiry contained in the tax-sale record. This omission renders the tax deed void.
 

 ¶ 13. “In Mississippi, it is public policy to favor and protect landowners from [the sale of their land] for taxes.”
 
 Lawrence v. Rankin,
 
 870 So.2d 673, 676 (¶ 13) (Miss.Ct.App.2004). Further, section 27-43-3 “must be given a strict construction, and its requirements fully satisfied.”
 
 Id.
 
 at (¶ 14). Failure of the chancery clerk to file the requisite affidavits renders a tax deed void.
 
 Id.
 

 ¶ 14. We find no merit to CFP’s claim and affirm.
 

 ¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.