# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00823-SCT

### CONSOLIDATED WITH

## NO. 2013-CA-01490-SCT

*CITY OF HORN LAKE, MISSISSIPPI, JOEY*
*TREADWAY, TAX COLLECTOR OF DeSOTO*
*COUNTY; PARKER PICKLE, TAX ASSESSOR OF*
*DeSOTO COUNTY; W.E. DAVIS, DeSOTO*
*COUNTY CHANCERY CLERK; AND DeSOTO*
*COUNTY, MISSISSIPPI*

*v.*

*SASS MUNI-V, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2016 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| TRIAL COURT ATTORNEYS: | JOSEPH DAVID NEYMAN, JR. |
| | RAYMOND SPENCER CLIFT, III |
| | SHANNON LORENE WILEY |
| COURT FROM WHICH APPEALED: | DeSOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | BILLY C. CAMPBELL, JR. |
| | ROBERT E. QUIMBY |
| ATTORNEY FOR APPELLEE: | LEWIE G. "SKIP" NEGROTTO, IV |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/07/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., KING AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. The City of Horn Lake and DeSoto County filed the present appeal after the DeSoto

County Chancery Court granted Sass Muni-V, LLC's (Sass Muni's) motion for summary judgment. The result of the chancery court's decision voided a 2008 tax sale at which Sass Muni purchased some property in DeSoto County and also refunded Sass Muni the purchase price of $530,508. Due to the clear and unambiguous language of Mississippi Code Section 27-43-3, the chancery clerk's failure to give proper notice of the tax sale renders the sale void. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. For the year 2007, the City and County levied taxes on a piece of property located in DeSoto County in the amount of $520,508. When the property owners did not pay the taxes, the property was offered for a tax sale by public auction on August 25, 2008. Sass Muni was the successful bidder for the property with a bid of $530,508. The two-year redemption period expired without the prior owners redeeming the property. However, a year after the redemption period expired, Sass Muni filed its complaint in the DeSoto County Chancery Court, asking for the tax sale to be declared void and for the purchase price to be refunded.

¶3. The City and the County filed motions to dismiss, and the chancery court granted the motions because Sass Muni lacked standing to challenge the tax sale and on the principle of *caveat emptor*. Sass Muni appealed the chancery court's judgment; we subsequently issued a unanimous opinion reversing the chancery court's judgment. *SASS Muni-V, LLC v. DeSoto Cty.*, 170 So. 3d 441, 449 (¶ 24) (Miss. 2015). The Court wrote that "[t]his Court has never addressed whether a party who is not entitled to notice– SASS, in this case–may nevertheless challenge the validity of the tax sale based on lack of notice to another party."

2

***Id.*** at 446 (¶ 15). The Court went on to say that "SASS simply challenges the chancery clerk's actual compliance with the notice procedure required by law. The chancery clerk's failure to comply with the notice requirements renders the sale *void*, not simply voidable by the property owner, and the commencement of a cause of action is not even necessary to set aside the sale." ***Id.*** at 448 (¶ 18). The Court held that Sass Muni did have standing because "SASS's interest in the validity of its title to the property gives it standing to challenge the chancery clerk's compliance with the notice statutes." ***Id.*** at 449 (¶ 21). Finally, the Court held:

> SASS, as the purchaser of the property in question at a tax sale, has standing to bring a suit to set aside the sale due to the chancery clerk's failure to comply with the tax-sale notice statutes. In addition, the doctrine of caveat emptor does not bar SASS's suit, as the tax-sale statutes specifically provide for the remedy SASS seeks.

***Id.*** at 449 (¶ 24).

¶4. On remand, the parties filed dueling motions for summary judgment, and the chancery court heard oral arguments on the motions. In its written opinion, the chancery court quoted our opinion, in which we stated that "[t]he chancery clerk's failure to comply with those requirements renders the sale *void*, not simply voidable by the property owner, and the commencement of a cause of action is not even necessary to set aside the sale." ***Sass Muni-V, LLC v. DeSoto Cty.***, 170 So. 3d at 448 (¶ 18). The chancery court explained that Sass Muni was entitled to receive the same strict construction of the statutes related to tax-sale notice requirements that landowners and lienholders receive, which requires the sale to be void upon "[a]ny deviation" from the statutes. The chancery court held:

3

> Therefore, because the attempted notice by mail is void for failure of the Clerk to properly notate the tax book, the record is void of any personal or publication service even if MIC-Rocky, LLC is the proper owners to when [sic] service was to be made, and/or the Clerk failed to provide notice of the end of the redemption period and the tax sale in question is void.

The chancery court entered a judgment granting Sass Muni's motion for summary judgment and ordered that the sale be voided.

¶5.     The City and County timely filed their notices of appeal in June 2016. The chancery clerk filed an amended notice of completion of the record on June 20, 2016, and transmitted the record to the Court on June 30, 2016. Displeased with the lack of time given for it to review the record, Sass Muni filed a motion for time to review the appeal record and to stay the transmission of the record to the Court and for the Court to stay the briefing schedule. Neither the City nor the County opposed the motion. The Court granted the motion and ordered that the record be returned to DeSoto County Chancery Court with Sass Muni having until August 9, 2016, to examine the record and until August 22, 2016, to file any motions under Mississippi Rule of Appellate Procedure 11(f).

¶6.     Sass Muni filed nothing until September 2016, when it filed a motion to correct the judgment, claiming clerical errors were made in the chancery court's judgment pursuant to Mississippi Rule of Appellate Procedure 10(e). Sass Muni's attorney was responsible for drafting the judgment initially and now claimed that, in drafting the judgment, he failed to include that the notice by mail was void for the clerk's failure to make a notation in the tax book. Importantly, the judgment did not include a statement that Sass Muni should be refunded the purchase price. The City and County both objected to the changes, citing the

4

untimeliness of the motion and the chancery court's lack of jurisdiction.

¶7.    The chancery court granted Sass Muni's motion to correct the judgment and supplement the record with the amended judgment and the transcript of the summary judgment hearing, which also was part of Sass Muni's motion.  The appeal then proceeded in typical course.

¶8.    In their joint brief, the City and the County raise two issues for review:

> I.    Whether Sass Muni-V, LLC's cause of action to set aside its own tax sale purchase on grounds that the Chancery Clerk failed to provide notice of the expiration of the two-year redemption period to the landowner is rendered moot when the landowner waives notice of the expiration of the two-year redemption period.

> II.    Whether the Chancery Court had jurisdiction to amend the Judgment.

## STANDARD OF REVIEW

¶9.    Mississippi Rule of Civil Procedure 56(c) states that the trial court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Court reviews a trial court's decision to grant summary judgment using the de novo standard. *Carter v. Miss. Dep't of Corrections*, 860 So. 2d 1187, 1190 (¶ 10) (Miss. 2003).

## ANALYSIS

### I.    WAIVER

¶10.    According to Mississippi Code Section 27-43-1, a chancery court clerk "shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the

time of redemption with respect to land sold . . . be required to issue notice to the record owner of the land sold . . . ." Miss. Code Ann. § 27-43-1 (Rev. 2017). Then, "Section 27-43-3 requires redemption notice to be given by personal service, by mail, and by publication in an appropriate newspaper." *DeWeese Nelson Realty, Inc. v. Equity Servs. Co.*, 502 So. 2d 310, 312 (Miss. 1986). Section 27-43-3 also provides: "Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid."

¶11. The City and County conceded that the chancery clerk's notice contained a defect. The crux of the City and County's appeal is that MIC-Rocky, LLC, waived any defects in the notice, so any issue with the chancery clerk's failure to satisfy the notice requirements is immaterial. According to the brief:

> The entirety of Sass Muni's case turns on allegations that the Chancery Clerk failed to provide the statutorily-required notice of the expiration of the redemption period to the landowner/lienor. However, throughout the case, the landowner/lienor have repeatedly stated they are making "no claims of improper notice . . ." and "do not contest notice." To avoid all doubt, the landowner/lienor filed a Notice of Waiver, indicated they "have waived any and all notices of expiration of the redemption period provide[d] by Miss. Code Ann. [section] 27-43-1 *et seq*."

The City and County primarily rely upon the 1909 case of *McClendon v. Whitten*, 95 Miss. 124, 48 So. 964, 965 (1909). In *McClendon*, the property owner was listed as Mitchell & McClendon, a mercantile firm, and Mitchell received verbal notice that a tax sale of the property was going to occur, but he never received any notice as required by the statute. *Id.* Also, McClendon never received any notice of the tax sale at all. *Id.* The Court explained: "It is not pretended that the clerk attempted any sort of compliance with the requirements of

6

this [notice] statute." *Id.* Further, the notice statute was "designed to bring positive and direct notice to a defaulting taxpayer, within a short time before the maturing of the tax title, that it is outstanding and will soon mature into a perfect title, so as to enable him to redeem. The statute is a most wholesome one, and should be strictly observed." *Id.* Important to the City and County's argument is the following statement: "Liability under this statute for actual damages can be escaped only by a compliance with the statute, by giving written notice as required, *unless the defaulting taxpayer waives the notice*." *Id.* (emphasis added).

¶12.    On the other hand, Sass Muni argues that waiver has no relevance in the present case because "though Mic-Rocky may have waived its right to notice, only Sass [Muni] can knowingly and voluntarily waive its right to challenge the chancery clerk's action regarding the 2008 tax sale."   Sass Muni also argues that the Court's prior opinion is the law of the case and relies upon the Court's language in paragraph 18 to support the position that summary judgment was appropriate.   In paragraph 18, the Court stated: "The chancery clerk's failure to comply with those requirements renders the sale *void*, not simply voidable by the property owner, and the commencement of a cause of action is not even necessary to set aside the sale." *Sass Muni*, 170 So. 3d at 448 (¶ 18).  However, we find no merit in the argument because the Court specifically stated that "[w]hether the tax sale was actually void under those same statutes is not an issue before this Court."  Therefore, the law-of-the-case doctrine cannot apply because the Court did not address whether the tax sale was void, only whether Sass Muni had standing to challenge the sale.

¶13.    While our prior opinion did not address whether the tax sale was void, the issue is now

7

before us, and we hold that the tax sale was void *ab initio* due to the chancery clerk's failure to comply fully with the statutory notice requirements. Section 24-43-3 provides: "Should the clerk inadvertently fail to send notice as prescribed in this section, then sale shall be *void* and the clerk shall not be liable to the purchaser or owner upon refund of all purchase money paid." (Emphasis added.) Both we and the Mississippi Court of Appeals have interpreted Section 27-43-3 to mean that failure to comply strictly with the notice requirements renders the purchaser's tax deed void, with no legal effect, and not simply voidable. *See **Hart v. Catoe***, 390 So. 2d 1001, 1003 (Miss. 1980) ("Essential mandates of the statute were not followed and the failure so to do renders the tax deed to appellant void."); ***C.F.P. Props., Inc. v. Roleh, Inc.***, 56 So. 3d 575, 577 (Miss. Ct. App. 2010) ("It is undisputed that there is no affidavit regarding the act of diligent search and inquiry . . . . This omission renders the tax deed void."); ***Lawrence v. Rankin***, 870 So. 2d 673, 676 (Miss. 2004) ("The failure of the supporting affidavit renders the tax deed to Lawrence void."). As the Court of Appeals has put it, a tax sale that does not meet the requirements of Section 27-43-3 is void *ab initio*. ***Cleveland v. Deutche Bank Nat'l Trust Co.***, 207 So. 3d 710, 718 (Miss. Ct. App. 2016) ("We find no error in the chancellor's determination that the tax sale was void *ab initio* based on the failure to provide proper statutory notice to Lewis . . . .").

¶14. We do not find the City and County's waiver argument and reliance on *McClendon* to be persuasive. *McClendon* is inapplicable to the case *sub judice*, because the statute at issue in *McClendon* specifically provided that failure to provide notice to the property owner did *not* affect the validity of the tax sale. *See* Miss. Code § 4333 (1906). ("[N]or shall a

8

failure to give the notice required by this act affect or render the title void."). Here, on the other hand, Section 27-43-3 unambiguously states that failure to provide the requisite notice to the property owner renders the sale void. Further, Section 27-43-3 gives the property owner a right to notice of the expiration of the redemption period prior to the tax sale. Without the notice, a valid sale cannot occur. To modify the existing rights, the property owner must relinquish the right to notice before the property is sold. Otherwise, the plain language of Section 27-43-3 controls, and the chancery clerk's failure to provide the requisite notice renders the tax sale void. In the instant case, the record indicates that the property owner attempted to waive the requirements of Section 27-43-3 only after Sass Muni brought suit to void the tax sale and obtain a refund. The property owner's belated attempt to disclaim its interest in the property cannot cure the fact that Sass Muni's tax deed has been void since the time of the tax sale.

## II. AMENDED JUDGMENT

¶15. In the City and County's second issue, the argument is that the chancery court lacked the jurisdiction to amend the judgment, drafted originally by Sass Muni's own attorney, which left out several points that were included in the chancery court's written opinion, importantly that Sass Muni be refunded the purchase price. According to the City and County, the chancery court entered its judgment on May 4, 2016, and the City and County filed notices of appeal in early June 2016. Then, it was not until September 2016 that Sass Muni filed a Motion to Correct and Include Hearing Transcript in Appeal Record and Supporting Authority. The City and County submit that the only avenue for chancery court

9

to review the motion was Mississippi Rule of Civil Procedure 60, and in ***Marter v. Marter***, 95 So. 3d 733, 740 (Miss. Ct. App. 2012), the Court of Appeals held that the chancery court lacks jurisdiction to grant Rule 60 relief when the Rule 60 motion is filed more than ten days after entry of the judgment and a notice of appeal has been filed.

¶16.    However, Sass Muni did not file its motion under Rule 60.  Instead, in its motion, it argued that, pursuant to Mississippi Rule of Appellate Procedure 10(e), the judgment should be corrected to reflect the portion of the chancery court's opinion that inadvertently had been left out of the judgment by its attorney.  Rule 10(e) provides

> If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated in the record, the parties by stipulation, or the trial court, either before or after the record is transmitted to the Supreme Court or the Court of Appeals, or either appellate court on proper motion or of its own initiative, may order that the omission or misstatement be corrected, and, if necessary, that a supplemental record be filed. Such order shall state the date by which the correction or supplemental record must be filed and shall designate the party or parties who shall pay the cost thereof. Any document submitted to either appellate court for inclusion in the record must be certified by the clerk of the trial court. All other questions as to the form and content of the record shall be presented to the appropriate appellate court.

We have no caselaw on a party using Rule 10(e) to correct a single document; however, consistent with the language of the rule, it appears that the record, specifically the judgment, did not accurately reflect what happened in the trial court, and Sass Muni sought relief to have the trial court correct the judgment to reflect the opinion.  Therefore, the chancery court's correction of the judgment under Rule 10(e) was permissible.  As such, the fact that the record already had been transmitted to the Court is of no moment because Rule 10(e)

10

specifically allows the trial court to correct the error "before or after the record is transmitted" to the appellate courts.

¶17. Alternatively, Mississippi Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment, but the motion must be filed "not later than ten days after entry of the judgment." Thus, Rule 59 was not available, as Sass Muni did not file to amend the judgment until September 2016, which was well past the ten-day period on the judgment entered in May 2016. Perhaps the best and most appropriate avenue available would be through Mississippi Rule of Civil Procedure 60, specifically subsection (a).

¶18. Rule 60(a) provides:

> Clerical mistakes in judgments . . . and errors therein arising from oversight of omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders up until the time the record is transmitted by the clerk of the trial court to the appellate court and the action remains pending therein. Thereafter, such mistakes may be so corrected only with leave of the appellate court.

The error in the judgment is a clerical error subject to correction under Rule 60(a). In **Whitney National Bank of New Orleans v. Smith**, 613 So. 2d 312, 315 (Miss. 1993), the Court explained that Rule 60(a) "can be utilized only to make the judgment or other document speak the truth; it cannot be used to make it say something other than was originally pronounced." Sass Muni's requested changes do reflect what the chancery court included in its written opinion, so the amendment does nothing more than reflect what the chancery court "originally pronounced." It also is important to note that, though the record had been transmitted to the Court, the Court then ordered, on Sass Muni's motion, that the record be sent back to the chancery court for Sass Muni to have an opportunity to review the

11

record due to the chancery clerk's error in failing to give Sass Muni sufficient time for review under Mississippi Rule of Appellate Procedure 10(b)(5). Therefore, the record was back with the chancery court for review and potential correction when Sass Muni filed its motion.

## CONCLUSION

¶19.    Due to the chancery clerk's failure to give the required statutory notice, the tax sale was void, regardless of MIC-Rocky's subsequent waiver of the notice requirements. We hold that the chancery court did not err in voiding the tax sale and refunding the purchase price to Sass Muni.

¶20.    **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, MAXWELL, BEAM AND ISHEE, JJ., CONCUR. CHAMBERLIN, J., NOT PARTICIPATING.**