# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-01159-SCT

**PIERRE H. THODEN d/b/a ETC FBO PIERRE H.
THODEN IRA 47473**

**v.**

**DEBORAH HALLFORD**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/09/2019 |
| TRIAL JUDGE: | HON. D. NEIL HARRIS, SR. |
| TRIAL COURT ATTORNEYS: | LEWIE G. "SKIP" NEGROTTO, IV |
| | E. FOLEY RANSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LEWIE G. "SKIP" NEGROTTO, IV |
| ATTORNEY FOR APPELLEE: | E. FOLEY RANSON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART, REVERSED IN PART AND REMANDED - 02/04/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     This case comes before the Court after a tax sale was found to be void due to the Jackson County Chancery Clerk's failure to comply with the notice requirements of Mississippi Code Section 27-43-3 (Rev. 2017).  After Deborah Hallford came home to find that her locks had been changed, she went to the tax collector's office and learned that the issue was delinquent property tax.  Hallford had never received notice in person or through certified mail that the redemption period on her property was soon expiring.  Hallford then

filed a complaint seeking to set aside the tax sale of her property to Pierre H. Thoden, d/b/a ETC FBO Pierre H. Thoden IRA 47473. The chancery court set aside the tax sale and awarded Thoden the amount he paid for the property at the tax sale, plus interest. Thoden, believing he is owed for the taxes he paid on the property in the years following his purchase at the tax sale and for the value of the improvements he made on the land, now appeals.[1]

## FACTS AND PROCEDURAL HISTORY

¶2.     Hallford was the record owner of a house located in Jackson County. In 2014, Hallford failed to pay her property taxes on this property. The parcel was sold for taxes to Thoden. Under the notice requirements of Mississippi Code Section 27-43-3 (Rev. 2017), the Jackson County Chancery Clerk attempted to notify Hallford that the period for redemption was nearly closed. The clerk failed to satisfy two of the three statutory notice requirements. The clerk attempted to give Hallford notice via certified mail; however, the envelope was marked "returned to sender" and was returned to the chancery clerk. The clerk also noticed the sheriff's department so that the sheriff could give Hallford notice via personal service, but the sheriff executed notice upon a Jeanie Harris by leaving a copy of the notice with Harris's daughter Brandi Rogers. The clerk properly published the redemption notice in the local paper. When the redemption period had expired, Hallford failed to redeem the property, and, on February 28, 2018, the chancery clerk conveyed title to the land via a Clerk's Conveyance to Thoden after Thoden had paid all the delinquent

---

[1] Both parties filed briefs. While Thoden cited authority in an attempt to support his argument, Hallford, in her brief, failed to cite authority. Under Rule 28(a)(7) of the Mississippi Rules of Appellate Procedure, this Court may ignore arguments not supported by authority.

taxes due for the 2015, 2016, 2017 and 2018 tax years on January 15, 2018. Thoden obtained a Judgment of Possession for the property on April 23, 2018, and then took possession and began making improvements on the property.

¶3. On June 19, 2018, Hallford filed a complaint to set aside the tax sale in the Jackson County Chancery Court. In her complaint, Hallford claimed she never received proper notice through personal service. Thus, Hallford claimed that the tax sale of her property was void and should be set aside. Thoden received Hallford's complaint and summons, and, in turn, Thoden answered the complaint by filing his own "Defenses of Law, Affirmative Defenses, Answer and Counterclaim" on July 27, 2018.

¶4. Then, in August of 2018, Hallford filed a motion for summary judgment. In the motion, Hallford argued that the notice requirements of Mississippi Code Section 27-43-3 (Rev. 2017) had not been met and that the tax sale should be declared void. Hallford also separately responded to Thoden's "Defenses of Law, Affirmative Defenses, Answer and Counterclaim." In her response, Hallford "admits that [Thoden] may be entitled to some relief under paragraph 8 of his prayer for relief." On October 1, 2018, Thoden filed a response in opposition to Hallford's motion for summary judgment. In his response, Thoden argued that genuine issues of material fact involved the adequacy of notice.

¶5. After two hearings on October 4, 2018, and February 21, 2019, the chancellor ordered the parties to each submit proposed findings of fact and conclusions of law. Then, on April 4, 2019, the chancery court issued its findings of fact and conclusions of law and judgment. The chancellor ruled in favor of Hallford and found that there was inadequate notice and

process surrounding the tax sale of Hallford's property and that the tax sale was void. The order denied Thoden any relief for failure to present proof.

¶6. Ten days later, Thoden filed a motion to alter or amend the chancellor's judgment, arguing that the grant of summary judgment to Hallford and the denial to Thoden of a statutory lien and reimbursement for appliances, costs, and expenses on the property was contrary to law regarding notice to the landowner. In an amended June 14, 2019 order, the court found that Thoden did have a statutory lien on Hallford's property because Thoden had paid $500 at the tax sale. The court ordered Hallford to pay Thoden this sum, plus interest (a total of $845), within ninety days; otherwise, the court found, Thoden would be entitled to enforce the lien.

¶7. Thoden now appeals both orders of the chancery court to this Court.

## STANDARD OF REVIEW

¶8. The standard of review for a trial court's grant of summary judgment is as follows:

> Mississippi Rule of Civil Procedure 56(c) states that the trial court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court reviews a trial court's decision to grant summary judgment using the de novo standard.

*City of Horn Lake v. Sass Muni-V, LLC*, 268 So. 3d 514, 517 (Miss. 2018) (citation omitted).

¶9. As to an ultimate determination on the merits, this Court will not reverse a chancery court's findings "unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard." *Goode v. Vill. of Woodgreen Homeowners Ass'n*, 662 So. 2d

4

1064, 1070-71 (Miss. 1995) (citing *Tinnin v. First United Bank of Miss.*, 570 So. 2d 1193, 1194 (Miss. 1990)). "Where there is substantial evidence to support the chancellor's findings, this Court is without the authority to disturb his conclusions, although this Court might have found otherwise as an original matter." *Id.* (citing *Hale v. Bradley (In re Estate of Harris)*, 539 So. 2d 1040, 1043 (Miss. 1984)).

## DISCUSSION

¶10. On appeal, Thoden raises three issues.[2] Thoden argues that the chancellor erred by (1) shifting the burden of proof to Thoden regarding the amount he is owed for his statutory lien on the Hallford's property under Mississippi Code Section 27-45-27 (Supp. 2020), (2) denying Thoden reimbursement for the taxes he paid on the property in the years after the tax sale and for the cost of the improvements Thoden made to the property, and (3) allowing Hallford a ninety-day period to pay Thoden for damages without requiring Hallford to pay the interest that would accrue during that time.

### I. Burden of Proving Damages when Tax Sale is Void

¶11. Mississippi Code Section 27-43-3 (Rev. 2017) lays out the three forms of notice that a chancery clerk must execute upon the landowner before the redemption period expires on the land and before the title to the land can be conveyed to the tax sale purchaser. "Section

---

[2]In his appeal, Thoden never asserts that the chancellor erred by voiding or setting aside the tax sale because of the clerk's failure to satisfy the notice requirements of Mississippi Code Section 27-43-3 (Rev. 2017). *See Holloway v. Jones*, 492 So. 2d 573, 573-74 (Miss. 1986) ("Since the appellees have filed no brief or authorities on this appeal we are not required to consider their position and may regard such failure as conceding the claim of appellants."). Therefore, this Court affirms the chancellor's finding that the tax sale is void.

27-43-3 requires redemption notice to be given by personal service, by mail, and by publication in an appropriate newspaper." ***Horn Lake***, 268 So. 3d at 517 (internal quotation marks omitted) (quoting ***DeWeese Nelson Realty, Inc. v. Equity Servs. Co.***, 502 So. 2d 310, 312 (Miss. 1986)). "Section 27-43-3 also provides: 'Should the clerk inadvertently fail to send notice as prescribed in this section, then such sale shall be void and *the clerk* shall not be liable to the purchaser or owner *upon refund of all purchase money paid*.'" ***Id.*** (emphasis added).

¶12.    "[A] tax sale that does not meet the requirements of Section 27-43-3 is void *ab initio*." ***Id.*** at 518 (citing ***Cleveland v. Deutche Bank Nat'l Tr. Co.***, 207 So. 3d 710, 718 (Miss. Ct. App. 2016)). "A transaction that is 'void ab initio' is null and void from its inception, and as a matter of law it is as if the transaction never even happened." ***Rebuild Am., Inc. v. Drew***, 281 So. 3d 92, 100–01 (Miss. Ct. App. 2019) (citing ***Wells Fargo Advisors LLC v. Runnels***, 126 So. 3d 137, 144 (Miss. Ct. App. 2013) (citing ***Hood ex rel. State v. Barbour***, 958 So. 2d 790, 815–16 (Miss. 2007))). Mississippi Code Section 27-45-27 provides that "a tax-sale purchaser retains a lien on the property in the event that the sale is declared 'illegal on some other ground.'" ***Sass Muni-V, LLC v. DeSoto Cnty.***, 170 So. 3d 441, 449 (Miss. 2015) (quoting Miss. Code Ann. § 27-45-27(1) (Rev. 2010)).

¶13.    Thoden argues that the chancellor erred by moving the burden of proof to him to provide affirmative testimony on his claim for damages at Hallford's summary-judgment hearing. The record here is unclear whether the proceedings that took place at the Jackson County Chancery Court on February 21, 2019, constituted a continuation of the hearing on

Hallford's summary judgment motion or a trial on the merits of the case. All parties agree that the matter was set for a hearing on Hallford's summary-judgment motion on October 4, 2018. The judge stated during this hearing that Thoden may be entitled to money for an "equitable claim" but that he was dealing with a "bad sale" case at the hearing. The hearing ended with the chancellor's directing the parties to take a break to discuss settlement (the judge had also ordered Thoden and his counsel to be present the next day, a court date that apparently did not occur). Whether the judge subsequently issued an oral ruling on the summary-judgment motion and what exactly was that ruling is disputed. No such oral (or written) ruling is in the record. The parties did, in fact, return to court on February 21, 2019. It is clear that the main focus of the February 21, 2019 hearing was whether the tax sale was valid. It is further evident that Thoden did not treat the proceedings as a hearing on his counterclaim.

¶14. Statutory law makes clear that a tax-sale purchaser is not entitled to a refund of the taxes he paid for the land at the tax sale or a lien on the property until the tax sale is actually found to be void. *See* Miss. Code Ann. 27-43-3; *see also* Miss. Code Ann. § 27-45-27. In the name of judicial economy, it is certainly acceptable for a court to accept proof of both at a hearing. That, however, is not what appears to have happened here or, at the very least, is not how Thoden understood it. It does not appear that any discussion was had regarding of Thoden's damages. Thoden, therefore, has not been given an opportunity to present proof of his damages.

¶15. The burden is on Thoden to present proof of his damages. Now that the tax sale has

7

been declared void, Thoden is entitled to a hearing to present proof of his damages. *See* Miss. Code Ann. 27-43-3; *see also* Miss. Code Ann. § 27-45-27. Thoden's claim for damages is remanded for a hearing so that Thoden may present proof of the amount he is owed as damages, including any statutory refund under Mississippi Code Section 27-43-3, statutory damages under Mississippi Code Section 27-45-27 (with its accompanying statutory lien), and such other damages to which Thoden is entitled.

## II. Full Amount of Damages Owed

¶16. Thoden asserts that he is entitled to recover the amount he paid at the tax sale, the taxes he paid on the property in the following years, the value of the improvements he made to the property as well as the costs and interest associated with these payments. Thoden further asserts that Hallford owes him a 5 percent penalty on the taxes she owed as well.

¶17. Under Mississippi Code Section 27-43-3(1), Thoden is entitled to a refund of his tax-sale purchase money paid. Under Mississippi Code Section 27-45-27(1), Thoden is entitled to a lien on the land for the amount of what he paid at the tax sale with interest on that amount "at the rate of one and one-half percent (1-½%) per month, or any fractional part thereof, and all expenses of the sale and registration . . . ." "The purchaser . . . may enforce the lien by bill in chancery, and may obtain a decree for the sale of the land in default of payment of the amount within some short time to be fixed by the decree." *Id.*

¶18. Thoden sought in the chancery court to enforce his statutory lien on the property. Therefore, when this case is remanded for a hearing on damages, the amount of Thoden's statutory lien on the property under Mississippi Code Section 27-45-27(1) should be

8

calculated as well.

¶19.   However, Thoden also asserts that he is owed 5 percent damages on the amount of taxes for which he purchased the land under Mississippi Code Section 27-45-3. This Court rejects this theory of recovery. Mississippi Code Section 27-45-3 deals only with what a landowner must pay to the chancery clerk in order to redeem property after it has been auctioned at a tax sale. The 5 percent damages are due to the chancery clerk in order to redeem the land, and Section 27-45-3 does not say that the tax-sale purchaser is entitled to the 5 percent damages. Mississippi Code Section 27-45-3 is further inapplicable to the case at hand because this case does not involve a redemption.

¶20.   Thoden cites two cases from the Mississippi Court of Appeals, *Lawrence v. Rankin*, 870 So. 2d 673 (Miss. Ct. App. 2004), and *Christiana Trust v. Ciota*, 291 So. 3d 780 (Miss. Ct. App. 2019), for the proposition that he, as the purchaser, is owed 5 percent damages on the amount he paid at the tax sale under Mississippi Code Section 27-45-3 (Rev. 2017). In *Lawrence* and *Ciota*, the landowner failed to redeem the property. *See Lawrence*, 870 So. 2d at 675 ("Rankin failed to redeem his land and the chancery clerk issued a 'Chancery Clerk's Conveyance, Land Sold for Taxes' to Lawrence on October 20, 1998, thereby selling and conveying the land to Lawrence."); *see also Ciota*, 291 So. 3d at 782 ("Ciota failed to redeem the property within the statutory period."). The Court of Appeals in *Lawrence* and *Ciota* concluded that the purchaser is owed damages under Section 27-45-3. *See Lawrence*, 870 So. 2d at 677 (Miss. App. 2004) ("We find that the chancellor erred in not ordering that Rankin pay to Lawrence the interest due him as provide by [Section 27-45-3] at one and one

half percent per month, together with damages thereon at a rate of 5% per annum on such amount due as provided by [Section 27-45-3].”); *see also Ciota*, 291 So. 3d at 787 (Miss. App. 2019) (“We further find that Christiana Trust is entitled to damages under Mississippi Code Annotated section 27-45-3 (Rev. 2017).”). Respectfully, however, **Lawrence** and **Ciota** were wrongly decided because Section 27-45-3 only applies if the land is redeemed. Here, the land was not redeemed. Further, nothing in that provision provides for the purchaser to receive any damages whatsoever.

¶21. Here, Hallford received no notice that the redemption period on her property would soon expire, so she never made any attempt to redeem the property. Only after the title to the land had been conveyed via a Clerk's Conveyance to Thoden did Hallford even know that she failed to pay her taxes on that parcel. When a tax sale is void *ab initio*, that tax sale never happened; therefore, Hallford's parcel was never sold for the delinquent taxes. When there has been no sale, “there can be no redemption.” **Seward v. Dogan**, 198 Miss. 419, 21 So. 2d 292 (1944) (citing **Webb v. Ritter**, 54 S.E. 484, 491 (W. Va. 1906)).

¶22. Still, the purchaser is not left without a remedy. Under Section 27-43-3, a purchaser is still entitled to a refund. Also, under Section 27-45-27, which governs illegal sales, damages are set out that a purchaser may obtain, including a statutory lien on the amount paid at the tax sale with a 1-½ percent interest per month and all expenses of the sale and registration as well as other relief. Nothing prevents the purchaser from recovering non-statutory damages when appropriate under some alternative theory of relief. We remand the issue for consideration by the chancellor.

### III.    "[W]ithin some short time to be fixed by decree"

¶23.    Thoden lastly argues that the chancery court erred by allowing Hallford ninety days within which to pay what was owed to Thoden, without taking into account the interest that could accrue during those ninety days.  Mississippi Code Section 27-45-27 simply states that the payment be paid "within some short time to be fixed by decree."  The Mississippi Legislature has not defined "short time," and this Court declines to define the phrase as well.  Our law as to interest on judgments is well settled, and we see no need to elaborate.

### CONCLUSION

¶24.    This Court affirms the chancellor's decision to void the tax sale for lack of notice.  We remand this case the Chancery Court of Jackson County for the purpose of a hearing on any damages, statutory and otherwise, to which Thoden is entitled.

¶25.    **AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM AND ISHEE, JJ., CONCUR.  GRIFFIS, J., NOT PARTICIPATING.**